### 63872. MOCK v. THE STATE.

BIRDSONG, Judge.

Ricky Mock was tried jointly with Glenn Mock (see *Mock v. State*, 163 Ga. App. 320 (293 SE2d 525)) for armed robbery of a convenience store. He was convicted and sentenced to twenty years. His sole enumeration of error on appeal is that the trial court erred in refusing to grant a severance in the case. *Held:*

At the trial of the appellant and co-defendant Glenn Mock, the trial court admitted over appellant's objection a detective's testimony concerning Glenn Mock's confessional statement. The statement related in court was that Glenn Mock admitted being parked in a vehicle at a street corner near the convenience store at the time it was robbed; that cash and other items were taken in the robbery and were carried to the car in a paper bag; that a described hand gun, caliber 357, was used in the robbery; that he (Glenn Mock) immediately after the robbery drove to a certain dirt road near Statesboro and there threw from his car the paper bag and some other described items; that he sold the gun to a certain man from Metter, Georgia. The detective also testified that the day after Glenn Mock gave his statement, Glenn Mock led him to the discarded paper bag and other items, and that the detective traced and found the gun. These items were admitted in evidence. Appellant Ricky Mock contends the admission of Glenn Mock's statement in testimony, when Glenn Mock did not testify, deprived appellant of his right of confrontation and implicated the appellant, and that the statement's admission and the trial court's failure to instruct the jury not to consider Glenn Mock's statement against appellant Ricky Mock constituted prejudicial error.

We find no reversible error. Any reference to the appellant in Glenn Mock's statement was deleted; the statement never even mentions the existence of the second robber. The statement itself was not introduced into evidence. There was thus no violation of the rule in Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476); *Depree v. State,* 246 Ga. 240, 241 (271 SE2d 155); *Bailey v. State,* 157

Ga. App. 222 (276 SE2d 843). The fact that Glenn Mock did not testify did not convert into error what was not error to begin with, since the statement did not implicate appellant and there was nothing to confront. In fact, if Glenn Mock had testified, thus giving appellant Ricky Mock the opportunity to cross-examine him, the state would have had the same opportunity to cross-examine Glenn Mock and discover the identity of the robber whose existence the statement never mentions. *Depree,* supra, p. 242. Far from being harmed by Glenn Mock's failure to testify, appellant was fortunate that he did not testify. Since Glenn Mock's statement as testified to in court did not in any way implicate the appellant, it was not, in the absence of a request, reversible error to fail to charge that Glenn Mock's statement could not be considered against Ricky Mock pursuant to Code Ann. § 38-414.

This is not a case where a co-defendant's statement, though deleted of all implication of the appellant, nevertheless may be seen on appeal as prejudicial to the appellant jointly tried over his objection because no other substantial evidence exists against him (see, e.g., *Crawford v. State,* 148 Ga. App. 523, 526 (251 SE2d 602)). The storekeeper in this case positively identified appellant as the robber. We find no error in the case and no prejudice in the trial court's refusal to sever the trial.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 15, 1982 —
REHEARING DENIED JULY 30, 1982.

*Arthur L. Cooper,* for appellant.
*J. Lane Johnston, District Attorney, N. Jackson Cotney, Jr., Assistant District Attorney,* for appellee.