## 64214. MOCK v. THE STATE.

BIRDSONG, Judge.
Glenn Mock was indicted with Ricky Mock for armed robbery. For a disclosure of the facts and evidence against Glenn Mock, see *Mock v. State,* 163 Ga. App. 319 (294 SE2d 361). Appellant Glenn Mock was represented by appointed counsel. After the jury was selected and sworn, appellant Glenn Mock announced to the court that he would like to release his counsel and have other counsel appointed. His reason was that he did not think he was being

represented rightly in the case, because "I was supposed to have been a witness this morning and threats have been made of life sentences, twenty years, two hundred and forty years against me, if I did not get on the stand. And my lawyer has brought these recommendations from the D. A. to me and I feel that he cannot represent me thinking I'm guilty all ready." The appointed counsel stated that he had done no more than transmit to appellant Glenn Mock the plea negotiations and discussions he had with the district attorney and had made no determination of guilt against his client and certainly would not do so in any case. The trial judge found that the attorney's conduct was blameless, his loyalty to his client complete and his competence commendable, and urged appellant to accept him as his lawyer. Appellant refused. Appellant was advised he could hire his own attorney, at which appellant said, "I just wanted to make it a part of the record that I don't feel he is representing me right and you can make him stand there but he is just on the side line," and that he did not want the attorney to participate in the case. When advised that he could continue to conduct the trial himself, appellant stated that he could not do that because he was "illiterate to law," which the trial court observed was self-evident. The trial judge again urged appellant to accept the court-appointed counsel, and again gave appellant the opportunity to be represented by the attorney, "make up your mind;" to which the appellant said, "well, I don't know how to try it myself so I'll sit over there by myself." The trial judge warned appellant of the consequences of his actions and that he would be held to the verdict that was rendered and sentenced accordingly, and gave appellant another chance to change his mind. The trial proceeded without counsel for Glenn Mock.

We find no reversible error in this case. The appellant, for no good and lawful reason, "fired" his attorney after the jury was chosen and sworn. The trial court found the attorney's ability, loyalty and advocacy to be more than adequate, and tried mightily to dissuade the appellant from his folly. The appellant insisted. He was warned of the consequences. We find a knowing, intelligent waiver of counsel. See Argersinger v. Hamlin, 407 U. S. 25, 37 (92 SC 2006, 32 LE2d 530); Clarke v. Zant, 247 Ga. 194 (275 SE2d 49). Intelligent waiver and foolishness are not mutually exclusive. The appellant's constitutional right to adequate counsel was satisfied in this case but he threw it away. He did so voluntarily and after having been urged not to. If he had had good reason to do so, even though the jury had been sworn, we would reach a different result in this case. He was not entitled to a continuance in the case because he had been provided, at no charge, the benefit of counsel and the effective assistance of counsel. We do not question that a defendant has the right to counsel

(*Clarke v. Zant,* supra), but he had it in this case and voluntarily gave it up. His right to counsel is not superior to the state's right to try him for the criminal offense and does not include the right to manipulate, whether consciously or capriciously, the state's attempt in good course to prosecute him for the offense. See *State v. Lively,* 155 Ga. App. 402 (270 SE2d 812).

The evidence against appellant Glenn Mock was overwhelming in the case (see *Mock,* supra). The confessional statement made by Glenn Mock was testified to after a proper Jackson-Denno hearing. The items of evidence, including the gun used in the robbery, were objected to by counsel for appellant Ricky Mock on the same basis that Glenn Mock's counsel, if he had let him, might have done. We find no error in the trial court's charge. Even if it had been error to proceed without counsel for Glenn Mock, we would thus hold the error to be harmless. *Clarke v. Zant,* supra, p. 197.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 15, 1982.

Glenn Mock, *pro se.*
*J. Lane Johnston, District Attorney,* for appellee.