## CASTELL v. KEMP.
### Application No. 3278
(331 SE2d 528)

Certificate of immediate review having been issued, petitioner James Everett Castell seeks an interlocutory appeal from the following order, entered by the trial judge:

"Petitioner filed a Petition for Writ of Habeas Corpus on November 29, 1984. Petitioner alleges *inter alia,* in paragraphs 51-55, that his trial counsel, Bruce S. Harvey, failed to render reasonably effective assistance of counsel. Mr. Harvey also represents Petitioner in

the present habeas action.[1]

"Respondent has filed a Motion to Disqualify Mr. Harvey from representing Petitioner in this action. This motion is based directly on the ethical problems involved with former criminal trial counsel presently representing a client on a habeas petition which includes allegations of ineffective assistance of that counsel. Additionally, in question is the integrity and the reliability of the judicial process.

"The Rules and Regulations for Organization and Government of the State Bar of Georgia were created and established by the Supreme Court of Georgia. 219 Ga. 873 (1963). Within Part III of these Rules is the Code of Professional Responsibility. Canon 5, as amended, states: 'a lawyer should exercise independent professional judgment on behalf of a client.' One of the supporting ethical considerations states in relevant part:

" 'If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the case of another, while that of a witness is to state facts objectively.

" 'State Bar of Georgia's Code of Professional Responsibility, EC 5-9 (1983).'

"Furthermore, 'where the question arises, doubts should be resolved in favor of the lawyer testifying and against his . . . continuing as an advocate.' *Id* at EC 5-10 (1983).

"These considerations are further reinforced by Directory Rule 5-102 of the Code of Professional Responsibility. This Rule states:

" 'When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client.'

"As all of the above indicates, the advocate as a witness poses innumerable threats to the integrity and reliability of the judicial process. These difficulties multiply when the lawyer testifies to his own ineffectiveness. The importance of the lawyer's credibility as a witness, and the necessity of an opportunity to effectively cross-examine him, increase when the lawyer testifies about his assistance of counsel

---

[1] Petitioner was initially represented by two other attorneys, in addition to Mr. Harvey. These two have now withdrawn from representation of Petitioner.

at an earlier proceeding. Finally, there may arise issues of potentially differing interests of the lawyer and his client. *Dasher v. Stripling*, 685 F2d 385, 389 (11th Cir. 1982).

"The rules of the Code of Professional Responsibility do have the effect of law. *Cambron v. Canal Insurance Company*, 246 Ga. 147, 151 (1980). Although only couched in aspirational terms, these rules cannot be ignored if we are to maintain the integrity and credibility of our judicial process.

"As *Dasher* indicates, virtually all the evidence of ineffective assistance of counsel is within counsel Harvey's personal knowledge. *Dasher v. Stripling*, at 390. Although the transcript, record and counselor's own file on this case may provide some evidence as to trial counsel's assistance, some evidence can only come from Mr. Harvey (See Petition, paragraph 51).

"With representation by another attorney, Petitioner will have the opportunity to present his claims of ineffective assistance of counsel. Petitioner is allowed thirty days to seek new counsel before an evidentiary hearing will be scheduled.

"Respondent's Motion to Disqualify Mr. Harvey is hereby granted."

The application is denied.

DECIDED JUNE 20, 1985 —
REHEARING DENIED JULY 5, 1985.

*Bruce S. Harvey*, for appellant.
*Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General*, for appellee.