## 42464. JONES v. IVORY.
(334 SE2d 666)

CLARKE, Justice.

This is an appeal by the state from an order granting habeas corpus relief to petitioner, Ivory. The superior court in the habeas action concluded a new trial was required because of a per se disqualification of defense counsel based upon conflict of interest at the time of Ivory's trial and conviction. We reverse.

Ivory was indicted, tried and convicted of armed robbery in Houston County in 1980. He was indicted in the July term and convicted by a jury on September 29, 1980. His conviction was affirmed on appeal in *Ivory v. State*, 160 Ga. App. 193 (286 SE2d 435) (1981).

Ivory was represented in the case by the public defender of the Houston Judicial Circuit, G. Theron Finlayson, who had also represented him on an earlier charge in 1978 for which he was on probation at the time of the armed robbery charge. During the summer of 1980 Finlayson was a candidate for the office of district attorney of the Houston Judicial Circuit. On August 5, 1980, he won the democratic primary and was unopposed in the general election in November. He took office as district attorney in January 1981. Finlayson resigned the office of public defender two days after petitioner Ivory's trial.

The court below concluded that a new trial was required because of the conflict of interest of Finlayson who had been "for all intents and purposes elected to the position of District Attorney" at the time he was acting as defense counsel for Ivory. This conclusion specifically was not based upon the effectiveness of preparation or representation but upon the inherent conflicts in the two offices which bring divided loyalty and thereby infringes on the right to be represented by one who owes no duty to a conflicting interest. We agree with the trial court that this case presents a rare set of facts but we disagree that the circumstances of the election require a new trial.

Finlayson had represented petitioner in his capacity as public defender in an earlier case. On the armed robbery charge he appeared as counsel on July 16, 1980, at a probable cause hearing and motion for bond. He also appeared as counsel for petitioner on August 7, 1980, at a probation revocation hearing based upon the armed robbery charge. At the latter hearing, the superior court judge who would also preside at the trial at issue here instructed Finlayson that should he submit his resignation as public defender prior to Ivory's trial, the court would appoint him as defense counsel because of his familiarity with the case.

The record before us shows that Ivory was aware that his defense counsel was seeking the office of district attorney and had congratulated him on his victory. Ivory made no objection and raised no conflict of interest issue at any of the pre-trial hearings nor at the trial

itself. In order to establish the right to a new trial based upon a Sixth Amendment violation as petitioner seeks here "a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U. S. 335, 348 (100 SC 1708, 64 LE2d 333) (1980).

Whether and to what extent the fact that defense counsel had been elected, but not yet sworn in, to the office of district attorney presents a conflict of interest need not be decided here. In *Hudson v. State,* 250 Ga. 479 (299 SE2d 531) (1983), we held that a defendant whose attorney at trial was also serving in public office as probate judge and state court solicitor was not entitled to a new trial because of an inherent conflict of interest. There the defendant made no objection and made no claim that he was unaware of his counsel's other positions. We held that any objection to divided loyalties must be made at the first opportunity and further noted that a defendant may wish to proceed with counsel holding other, even prosecutorial, offices because of perceived benefits to himself.

We find the same reasoning holds true here. Ivory knew of his counsel's campaign for public office, and was aware of his victory a month prior to trial. He chose to proceed to jury trial with this counsel and we hold he cannot now complain and the order of the habeas court granting relief on the ground of a per se conflict of interest must be reversed.

There are other allegations of error raised in Ivory's petition for habeas corpus which were not reached by the court below. Therefore, the case is remanded for further proceedings on the other issues.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED OCTOBER 1, 1985.

*Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General,* for appellant.

Leroy Ivory, *pro se.*