### 42700. NIXON v. THE STATE.
(340 SE2d 7)

SMITH, Justice.

A Clayton County jury convicted the appellant, James Nixon, of the murder of Tom Billings. The appellant received a sentence of life

imprisonment. He raises three issues[1] on appeal. We affirm.[2]

Early in the morning on October 30, 1979, the appellant knocked on the door of the victim's trailer in Jonesboro. The victim let the appellant in, and they proceeded to discuss a disagreement involving the victim and a friend of the appellant. When the conversation became heated, the victim's wife, who had been seated in the room with the two men, left the room and went back to the bedroom.

She testified that she thought she saw the appellant pull a gun out of his back pocket. She stated at trial that shortly after she saw the gun, she heard a commotion in the living room. When she entered the living room, she saw the two men struggling over an object, and she subsequently saw a gunshot strike the victim in the face, killing him.

The victim's wife also testified that during the struggle, Anthony Zolun, the appellant's aforementioned friend, burst into the trailer, wildly firing a large pistol, similar to a .45 caliber pistol. The appellant told him to stop. He stopped, and they left the trailer. The victim's wife stated that the victim did not own a gun.

The appellant testified that shortly after the victim's wife left the living room of the trailer, Zolun pulled up in front of the trailer in his car. At that point, the appellant testified, the victim pulled a .45 caliber pistol out from under the couch and started to fire it. The appellant stated that as he attempted to disarm the victim, the victim's pistol fired twice. Zolun then charged into the trailer and shot the victim.

The police removed two .32 caliber bullets from the victim's head. Witnesses for the state testified that the shots that killed the victim were probably fired from within one foot of the victim's face. A witness for the state also testified that swabbings from the victim's hands indicated that he had probably not fired a pistol, particularly a .45 caliber pistol, on the night of his death.

1. We find the evidence sufficient to support the conviction under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant, in his three citations of error, claims that the

---

[1] After the trial, the appellant requested the court to remove his counsel and appoint another attorney. After the trial court denied this request, and the appellant's attorney filed an appeal, the appellant filed his own brief, alleging ineffective assistance of counsel, among other things. Although we will not consider the appellant's enumeration of errors, his claim of ineffective assistance of counsel will not be waived. See *Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985); *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986).

[2] The crime was committed on October 30, 1979. The Clayton County jury returned its verdict of guilty on December 11, 1984. A motion for new trial was filed on December 28, 1984. A transcript of evidence was filed on May 31, 1985. The motion for new trial was overruled on July 2, 1985. Notice of Appeal was filed July 2, 1985. The record was docketed in this Court on September 20, 1985 and argued January 13, 1986.

trial court erred in its rulings relative to the admission into evidence of a statement that he made to a Canadian law enforcement official while he was awaiting extradition in Canada.

In July 1981, the appellant entered a hospital in Canada for the treatment of gunshot wounds. The Canadian police, who were aware of a warrant for the appellant's arrest stemming from Mr. Billings' murder, detained the appellant in the hospital and questioned him there. During one session, on July 17, 1981, a policeman asked the appellant if he wanted to talk about fingerprints found at the scene of the victim's murder. The appellant responded that he wanted to see an attorney.

The policeman testified at trial that as he then began to leave the room, the appellant stated that he did not wish to involve his family. After this statement by the appellant, the policeman began to question the appellant again. He alleged that the appellant stated, "He [the victim] shot at me, and I shot at him." At trial, the policeman further testified as to statements that the appellant made at a later interview on July 23, 1981.

a. The appellant first asserts that the trial court should have ruled the appellant's statements inadmissible, since they were made after an explicit request for an attorney. We find no error, as the appellant failed to raise this issue at trial, even after the district attorney suggested the possibility of a Jackson-Denno hearing as to the statements prior to the Canadian policeman's testimony. *Gladson v. State*, 253 Ga. 489, 492 (322 SE2d 45) (1984).

b. The appellant also contends that the trial court should have declared a mistrial when the policeman testified that the appellant had requested an attorney, or that the trial court should have at least excluded all of the appellant's statements made subsequent to his request for an attorney. Since the appellant did not question the policeman's testimony at trial,[3] we find no error. *Gladson*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 4, 1986.

*H. W. Roberts*, for appellant.

*Robert E. Keller*, District Attorney, *Michael J. Bowers*, Attorney General, *J. Michael Davis*, Staff Assistant Attorney General, for appellee.

---

[3] Except for a motion in limine unrelated to this appeal.