## 43234. WHARTON v. THOMAS.
### (343 SE2d 694)

CLARKE, Presiding Justice.

This is an appeal by the state from an order granting habeas corpus relief to Franklin Thomas. The granted relief was based upon a finding of per se conflict of interest on the part of defense counsel who also held the title of city attorney for Cairo, Georgia, at the time he represented Thomas. We reverse.

On May 10, 1984, Thomas entered guilty pleas in Seminole County to charges of possession of cocaine and marijuana with intent to distribute. He was given ten years probation and fined. His counsel was Edwin Carlisle who was also city attorney for Cairo, Georgia.

In July 1984, Thomas was arrested in Grady County and charged with possession of cocaine and marijuana with intent to distribute and possession of a firearm by a convicted felon. The Seminole County probation was revoked after a hearing on September 5, 1984 and on September 12, 1984, Thomas entered guilty pleas to the Grady County charges and received sentences with time to serve and some probated time. Attorney Carlisle represented Thomas at the revocation hearing and on the Grady County charges.

Thomas filed a habeas corpus petition challenging his Grady County convictions alleging ineffective assistance of counsel and contending the guilty pleas were not knowingly and voluntarily entered. A second petition, alleging the conflict of interest of his attorney and challenging the Seminole County probation revocation, was consolidated and after two hearings the habeas court entered its findings.

The court found that attorney Carlisle represented Mr. Thomas fairly in all of the proceedings and had violated no duty to his client. The court also found no evidence to support the contention of involuntariness of the guilty pleas. However, the habeas court concluded that relief was compelled by an inherent conflict of interest of Carlisle as city attorney and attorney for Thomas, relying on *Ga. Dept. of Human Resources v. Sistrunk,* 249 Ga. 543 (291 SE2d 524) (1982).

In *Thompson v. State,* 254 Ga. 393 (330 SE2d 348) (1985), we made more explicit the holding, implicit in *Sistrunk,* that the application of the holding of *Sistrunk* would be limited to civil cases. *Thompson* and *Sistrunk* both involved a ruling on disqualification of counsel prior to trial. In *Thompson* we declined to extend *Sistrunk* and held that attorneys associated in practice with a part-time state court solicitor would not be per se disqualified from representing

criminal defendants in superior court.

In *Hudson v. State*, 250 Ga. 479 (299 SE2d 531) (1983) and *Jones v. Ivory*, 255 Ga. 20 (334 SE2d 666) (1985), a convicted defendant raised the issue of inherent conflict of interest on the part of trial counsel to show, in effect, ineffective assistance of counsel and compel a new trial. When conflict of interest is raised in a post-conviction proceeding, the petitioner must show actual conflict which caused his counsel's performance to be adversely affected. *Jones*, citing *Cuyler v. Sullivan*, 446 U. S. 335 (100 SC 1708, 64 LE2d 333) (1980).

The habeas court found Thomas received adequate representation and stated there was no evidence of a breach of duty. Under these circumstances we hold that Thomas is not entitled to the relief granted.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 3, 1986 —
RECONSIDERATION DENIED JUNE 24, 1986.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General,* for appellant.
Franklin B. Thomas, *pro se.*
*Walter E. Sumner, Janet M. Bolt,* amici curiae.