## A89A1397. DILL v. THE STATE.
### (387 SE2d 424)

McMURRAY, Presiding Judge.

Defendant was convicted in a jury trial of five counts of violation of the Georgia Controlled Substances Act. Defendant then retained another attorney who filed a motion for new trial and argued that defendant's trial counsel was ineffective. This appeal followed the denial of defendant's motion for new trial. *Held*:

In his sole enumeration, defendant contends that he "was denied his Sixth Amendment right to effective assistance of counsel due to his [trial] attorney's role as 'family' lawyer to the [State's] informant in his case."

" 'The reason a conflict of interests exists in a situation in which defense counsel is simultaneously representing a witness, even though the witness is not a co-defendant at trial, is that defense counsel might not be vigorous enough in his . . . examination of such a witness.' *Lemley v. State*, 245 Ga. 350, 352 (264 SE2d 881). 'It is (a) fundamental principle that the Sixth Amendment guarantee of effective assistance of counsel includes the right of an accused to be represented by an attorney free of any conflicts of interest.' *Keen v. State*, 164 Ga. App. 81, 82 (1) (296 SE2d 91)." *Craddock v. State*, 173 Ga. App. 133 (1) (325 SE2d 804).

In the case sub judice, the evidence in a hearing on defendant's motion for new trial showed that defendant's trial attorney represented the State's confidential informant in unrelated civil and criminal matters before and after defendant's trial. However, defendant's trial counsel testified that his loyalty to defendant was not impaired by his relationship with the State's confidential informant and that he represented defendant to the best of his ability. Defendant's trial counsel further testified that he was not certain that his former client was the State's confidential informant until the sixth day of trial and that he was not aware that the informant's testimony would benefit

defendant. In fact, defendant's trial counsel explained that he had received reliable information that the informant's testimony would be detrimental to defendant's defense and that this information was critical to his decision not to call the State's informant to testify. Notwithstanding, defendant argues that divided loyalties prevented his trial attorney from calling the informant as a witness and presenting the informant's purportedly exculpatory testimony.

" 'In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.' *Cuyler [v. Sullivan*, 446 U. S. 335, 348 (100 SC 1708, 64 LE2d 333)]. ' "A mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence." ' ' *Brown v. State*, [247 Ga. 298, 299 (2) (275 SE2d 52)]; *Montgomery v. State*, 156 Ga. App. 448, 454 (275 SE2d 72) (1980)." *Hudson v. State*, 250 Ga. 479, 480, 482 (299 SE2d 531).

In the case sub judice, although defendant showed that his trial attorney represented the State's informant in unrelated matters before and after trial, he failed to conclusively demonstrate that an actual conflict existed between his interests and the informant's interests which adversely affected his lawyer's performance. On the other hand, the State presented evidence which authorized a finding that there was no conflict of interest which adversely affected defendant's attorney's performance at trial. Under these circumstances, we cannot say that the trial court erred in finding that defendant received adequate representation at trial. *Craddock v. State*, 173 Ga. App. 133 (1), supra. See *Wharton v. Thomas*, 256 Ga. 76 (343 SE2d 694).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 17, 1989.

*Kenneth D. Feldman*, for appellant.
*Thomas J. Charron*, District Attorney, *Nancy I. Jordan, James F. Morris*, Assistant District Attorneys, for appellee.