## A92A0131. CRIBBS v. THE STATE.
### (418 SE2d 405)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of rape, kidnapping with bodily harm, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. He appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts and from the denial of his motion for new trial.

1. In his motion for new trial, appellant raised the issue of the effectiveness of his trial counsel. The trial court, after conducting an evidentiary hearing wherein appellant's trial counsel testified, found that there had been no denial of effective assistance of counsel. The refusal to grant a new trial on this ground is enumerated as error.

At the hearing on the motion for new trial, appellant's trial counsel testified to his extensive and thorough preparation of appellant's defense and to his subsequent use of trial tactics which were calculated to advance that defense. The trial transcript shows that appellant "openly admitted [engaging in sexual intercourse with] the victim but maintained he [had done so only with her consent and had neither kidnapped her nor used a gun]. Defense counsel presented a strong defense of [consent] which the jury, apparently, elected not to accept. [Cit.] Deliberate choices of trial strategy and tactics are within the province of trial counsel after consultation with his client. [Cit.]" *Hudson v. State,* 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). The applicable standard is " 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' [Cit.]" *Hawes v. State,* 240 Ga. 327, 329 (1) (240 SE2d 833) (1977). The trial court's finding that appellant had not been denied effective assistance of counsel is not clearly erroneous and it follows, therefore, that this enumeration is without merit. *Smith v. State,* 256 Ga. 483 (351 SE2d 641) (1986).

2. After appellant had testified in his own defense, the State was allowed to introduce, for impeachment purposes only, an inconsistent pre-trial statement which appellant had given without benefit of the *Miranda* warnings. Although the trial court gave instructions as to

the jury's limited consideration of this evidence, appellant nevertheless urges that it was erroneously admitted.

The State is "allowed the use of a prior inconsistent statement by a defendant for impeaching purposes which would not otherwise be admissible, as long as the jury [is] properly instructed as to the limited purpose of the statement. *Miranda* forbids the use of [a] defendant's statements in violation of its requirements as evidence of guilt. But, . . . the shield of *Miranda* may not be turned into a sword. . . . Hence, a defendant may not testify at trial in a manner inconsistent with his prior statement, without having to face the issue before the jury. The trial court must limit the use of the statement to impeachment, as was done in the instant case, and prevent its use as evidence of guilt. [Cit.]. . . There was no error." *Tew v. State*, 179 Ga. App. 369, 372-373 (2) (346 SE2d 833) (1986).

3. Although appellant raised the issue of prosecutorial misconduct in his motion for new trial, no evidence whatsoever was adduced to substantiate its occurrence. Accordingly, it was clearly not error to refuse to grant appellant a new trial on this ground.

4. It was not error to admit into evidence a photograph of the alleged crime scene, even though it had not been taken until some weeks had passed. There were some immaterial differences in the lighting conditions and the amount of foliage, but the photograph was otherwise identified by the victim as fairly and accurately depicting the scene as it had appeared at the relevant time. *Roberts v. State*, 149 Ga. App. 667 (4) (255 SE2d 126) (1979).

5. Appellant urges that the guilty verdicts are against the weight of the evidence. This court considers only the sufficiency of the evidence, not its weight. *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990). When construed most favorably to support the verdict, the evidence adduced at trial was sufficient to authorize a rational trior of fact to find proof of appellant's guilt of all the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. Appellant was shown to have at least one prior felony conviction resulting from a guilty verdict rather than a guilty plea. Compare *Pope v. State*, 256 Ga. 195, 209 (17) (345 SE2d 831) (1986). Accordingly, it was not error to sentence appellant as a recidivist pursuant to OCGA § 17-10-7 (a).

7. Remaining enumerations of error relate to issues which were not preserved for appellate review and which, in any event, would not constitute grounds for reversal.

8. Since appellant has been represented by counsel in this appeal, appellant's pro se brief has not been considered. *Coursey v. State*, 196 Ga. App. 135, 137 (5) (395 SE2d 574) (1990).

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED APRIL 16, 1992 —
RECONSIDERATION DENIED APRIL 30, 1992 — 

C. Jackson Burch, for appellant.
Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney, for appellee.