S92A0538. BERRY v. THE STATE.
(422 SE2d 861)

BELL, Presiding Justice.

Vance Berry brings this appeal from the denial of his motion for new trial following his convictions of malice murder and armed robbery of Scott Thompson.[1] We affirm, but remand for further review.

1. The appellant contends that the evidence was insufficient to support the convictions. The evidence adduced at trial showed that the victim and his brother-in-law had driven from Cobb County to Bankhead Court Apartments in Fulton County with the intention of purchasing drugs. The appellant took $60 from the victim and then shot him in the stomach with a handgun while the victim was seated as a passenger in his brother-in-law's pickup truck. Viewed in the light most favorable to the verdict, we hold that the evidence introduced at trial authorized a rational trier of fact to find the appellant guilty of each of the offenses of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant, who is black, contends that the trial court erred in overruling his objection to the state's use of nine out of ten peremptory challenges to strike black jurors. The objection was predicated on *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The transcript reveals that 29 out of 48 jurors, or 60.4 percent

---

[1] The crimes occurred on February 2, 1991. The appellant was indicted on May 14, 1991, for malice murder, felony murder and aggravated assault. He was re-indicted on August 20, 1991, to add one count of armed robbery. The trial was held on August 26, 1991, and he was sentenced to life imprisonment for the murder and a consecutive life sentence for the armed robbery. A timely motion for new trial was denied on December 4, 1991. Appellant filed his notice of appeal on December 31, 1991. The case was docketed in this court on February 24, 1992, and argued orally on April 29, 1992.

of the venire, were black. Two black jurors were excused for cause, so that the panel of 46 jurors was composed of 59.1 percent black jurors prior to the use of peremptory strikes by either party. The appellant struck eight blacks who had been accepted by the state, thereby, as noted by the trial court, reducing the total number of black jurors who were selected to serve. Ultimately, eight of the twelve individuals (66.6 percent) selected to serve on the jury were black and one alternate juror was black. Based on this the trial court determined that the appellant had not succeeded in establishing a prima facie showing of racial discrimination in the jury selection process, and the court therefore did not seek an explanation from the prosecutor. Nevertheless, in response to the appellant's assertion of discrimination, the state's attorney explained that she was not racially motivated but "strategically motivated" in her selection of jurors. In *Weems v. State*, 262 Ga. 101 (416 SE2d 84) (1992), although, as here, the percentage of blacks on the jury exceeded the percentage of blacks on the array, we remanded the case to the trial court for a hearing on the issue of whether the prosecution's strikes were racially neutral where the prosecution had used all of its strikes to exclude black jurors. See also *Ford v. State*, 262 Ga. 558 (423 SE2d 245) (1992). Cf. *Brown v. State*, 261 Ga. 184 (3) (402 SE2d 725) (1991); *Aldridge v. State*, 258 Ga. 75 (4) (365 SE2d 111) (1988). Accordingly, a prima facie inference of racial discrimination having been established, we remand the case to the trial court for a hearing and application of the " 'additional scrutiny' " required by *Weems*, supra, 262 Ga. at 103 (3). In the event that, following this hearing, the trial court determines that improper racial motivation has not been demonstrated, then the appellant shall be entitled to file a renewed appeal on this issue.

3. The appellant contends on appeal that he did not receive effective assistance of counsel during the trial. The appellant's trial counsel filed a motion for new trial and later filed the instant appeal wherein he raises the issue of ineffectiveness for the first time. Under these circumstances, although the appellant cannot be deemed to have waived this ground of appeal, it is not properly before us for consideration. See *Harrison v. State*, 201 Ga. App. 577, 581 (2) (411 SE2d 738) (1991); *Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985) (motion to disqualify counsel).

4. The appellant's remaining enumeration of error is directed to the court's failure to give a requested charge concerning circumstantial evidence. See *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991). An examination of the transcript reveals that the trial court did in fact instruct the jurors on direct and circumstantial evidence. As the requested charge at issue was not properly adjusted to the evidence and the court's instructions to the jury adequately covered the questions of direct and circumstantial evidence, we consequently find

this enumeration of error to be without merit.

*Judgment affirmed. All the Justices concur, except Hunt, J., who concurs in the judgment only; Hunstein, J., not participating.*

DECIDED DECEMBER 2, 1992 —
RECONSIDERATIONS DENIED DECEMBER 17, 1992.

*Steven W. Reighard,* for appellant.

*Lewis R. Slaton,* District Attorney, *Carl P. Greenberg, Leonora Grant,* Assistant District Attorneys, *Michael J. Bowers,* Attorney General, *Susan V. Boleyn,* Senior Assistant Attorney General, *C. A. Benjamin Woolf,* Assistant Attorney General, for appellee.