## A92A2402. BESS v. THE STATE.
(427 SE2d 813)

JOHNSON, Judge.

A jury found Tommy Lee Bess guilty of possession of cocaine with intent to distribute and possession of less than one ounce of marijuana. He appeals his conviction and the denial of his motion for a new trial, raising three enumerations of error.

1. Bess first contends that the state violated *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) by exercising its peremptory strikes in a discriminatory manner. The state exercised five of its ten peremptory strikes. Each of the state's peremptory strikes was used to excuse an African-American. Following a *Batson* motion made by the defense, the court made an inquiry concerning the number of African-Americans on the jury. The state's attorney pointed out that 30.95 percent of the venire were black and the percentage of black members on the jury selected equalled 41.67. Based on that statement, the court concluded that the state had met its burden regarding the constitution of the jury and overruled the *Batson* motion.

The Georgia Supreme Court recently considered two cases in which *Batson* challenges were raised: *Berry v. State*, 262 Ga. 614 (422 SE2d 861) (1992), and *Ford v. State*, 262 Ga. 558 (423 SE2d 245) (1992). In *Ford*, 90 percent of the state's peremptory strikes were exercised against African-Americans. The court noted, "As in *Gamble v. State*, 257 Ga. 325, 326 (357 SE2d 792) (1987) (quoting from *Batson*), this 'overwhelming' 'pattern' of strikes establishes a prima-facie inference of racial discrimination." Id. at 559. At that point, the burden is placed on the prosecutor to prove that "the disproportionate exclusion of black jurors was not the result of the prosecutor's conscious or unconscious animus against black jurors but was instead mere happenstance." Id. In this case 100 percent of the strikes were exercised against African-American veniremen, and the trial court went no further than a statistical analysis of the racial composition of the venire and the jury. It did not require or even ask the state to offer any explanation regarding the basis of its strikes. In this respect, this case is similar to *Berry*, supra. In *Berry*, the Supreme Court remanded the case to the trial court for a hearing to conduct the "additional scrutiny" required by *Weems v. State*, 262 Ga. 101 (416 SE2d 84) (1992). In *Weems*, *Berry*, and this case, the percentage of African-Americans on the jury exceeded the percentage of African-Americans on the array. This factor alone is not determinative. See *Gooden v. State*, 204 Ga. App. 62 (418 SE2d 632) (1992). As in *Weems* and *Berry*, this case must be remanded to the trial court for a hearing on the issue of whether the prosecution's strikes were racially neutral.

2. In his second enumeration of error, Bess asserts that the trial court erred in denying his motion for mistrial after his character had

been improperly put into issue. Specifically, he points to the testimony of a police officer who stated that Bess had been under investigation three weeks prior to this particular incident, and later in his testimony, that he had "had dealings" with Bess previously. Objections to the testimony and motions for mistrial were timely made. The motions were overruled and the court gave curative instructions to the jury regarding the evidence. "[W]here prejudicial matters have been presented to the jury, the trial court, in its discretion, may determine whether a mistrial is required or whether the giving of cautionary instructions to the jury is an adequate remedial device. The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." (Citations and punctuation omitted.) *Owens v. State,* 204 Ga. App. 579, 580 (420 SE2d 79) (1992). We do not find that the trial court abused its discretion in giving cautionary instructions and refusing to grant a mistrial.

3. Finally, Bess argues that the court's refusal to give his requested charge on circumstantial evidence was error. The trial court gave the jury the suggested pattern charge on circumstantial evidence. "A requested charge needs to be given only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given." (Citations and punctuation omitted.) *Pace v. State,* 201 Ga. App. 475, 476 (411 SE2d 361) (1991). After reviewing the charge submitted by Bess, we have determined that it does not differ in substance from the charge given. We therefore find no error in the court's refusal to give Bess' charge as submitted.

*Judgment affirmed and case remanded for hearing. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 8, 1993.

*Jay P. Wells,* for appellant.
*John R. Parks, District Attorney, Henry O. Jones III, Assistant District Attorney,* for appellee.