A93A0606. JEFFERSON v. THE STATE.
(434 SE2d 814)

McMURRAY, Presiding Judge.

Defendant Jefferson was convicted of 16 counts of armed robbery, five counts of rape, ten counts of aggravated assault, three counts of aggravated sodomy, and 23 other offenses for which he was sentenced to 24 life terms and 375 years to run consecutively. The convictions and judgment were affirmed on appeal, in which the only issue was the validity of the search and seizure which yielded incriminating evidence. *Jefferson v. State*, 199 Ga. App. 594 (405 SE2d 575) (1991).

Thereafter, defendant filed a pro se "petition to correct void sentences" in the trial court. Denial of the petition was reversed because the trial court did not hold a pre-sentence hearing, as required by OCGA § 17-10-2 (a). *Jefferson v. State*, 205 Ga. App. 687 (2) (423 SE2d 425) (1992).

Upon remand, the trial court reimposed the same sentences defendant had previously been given. This pro se appeal followed. *Held*:

1. Defendant's first enumeration of error contends that the trial court erred in sentencing him without the assistance of counsel to present and argue mitigating evidence. Since *Gideon v. Wainwright*, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963), 30 years ago, it has been constitutionally recognized that a person who stands charged with crime cannot give adequate voice to his position without the right to be heard by counsel. Thus it is settled that a criminal defendant is entitled to counsel at sentencing under the Sixth Amendment (through the Fourteenth Amendment), whenever the sentencing proceeding is more than ministerial, because it is a critical stage in the process. *Green v. State*, 194 Ga. App. 343, 346 (7) (390 SE2d 285) (1990). Jefferson's sentencing clearly was more than ministerial because the court had the discretion to determine an appropriate penalty.

Prior to the pre-sentence hearing on remand, defendant submitted to the court a lengthy handwritten document entitled "Legal Argument for Resentencing," arguing in favor of a lesser sentence than originally imposed, a copy of a brief filed by him in support of his habeas corpus action in another superior court, and a cover letter. In the letter, defendant stated that he is an innocent man wrongly convicted and that "[t]he purpose of submitting a copy of the brief to you is for the sole purpose of 'mitigation evidence.'" In the habeas corpus brief, defendant argued that the evidence was insufficient to support the convictions, and he alleged trial error, prosecutorial misconduct, and ineffective assistance of trial counsel. As to the latter, he complained that counsel did not renew a defense motion for change of venue based on pretrial publicity and that counsel did not question police concerning why fingerprints of the perpetrator, left at crime scenes before defendant was arrested and charged, were not sent to the Federal Bureau of Investigation for identification. Apparently, the petition for habeas corpus remained pending at the time of the resentencing hearing.

Defendant's trial counsel appeared at the presentence hearing and is shown on the transcript as representing him. However, immediately after the beginning of the resentencing hearing, defendant asserted that he had no attorney, and in response to the trial court's observation that he had had counsel at trial, defendant indicated that he had fired his trial attorney. Defendant stated that he wanted a different attorney appointed to represent him to present evidence and argue the legal issues related to the multiple sentences. This colloquy continued for some time with the trial court informing defendant that he was not entitled to counsel of his own choice. The prosecuting attorney states in reference to defendant and his trial counsel that

"[t]his man has his attorney with him today. . . ." A fair reading of the transcript shows that defendant's trial counsel continued to represent him. Indeed, the presence of defendant's trial counsel at the resentencing hearing would be an anomaly if he was no longer representing defendant.

We must address the implications of defendant's refusal to cooperate with his trial counsel and announcement that he had discharged him. A defendant may not refuse to cooperate with appointed counsel and then claim he was not effectively represented. *Rivers v. State*, 250 Ga. 303, 307 (6) (298 SE2d 1). "[A]ny act of defendant which effectively terminated his counsel would not have had the effect of 'triggering' a duty upon the part of the trial court to appoint another attorney for defendant. . . ." *Durham v. State*, 185 Ga. App. 163, 164 (1) (363 SE2d 607). If the defendant does not have a good reason for discharging his court-appointed attorney, the trial court does not err in requiring him to choose between representation by that attorney and proceeding pro se. *Durham v. State*, 185 Ga. App. 163, 164 (1), supra; *Mock v. State*, 163 Ga. App. 320 (293 SE2d 525). While the cases cited for these principles involve appointed counsel, we see no reason the underlying principles should not be equally applicable where counsel is retained or pro bono. The question is one of whether defendant's conduct amounts to a waiver of his right to counsel. In the resentencing hearing in the case sub judice, defendant appeared with counsel and was informed that he was not entitled to appointment of counsel of his own choosing, yet he chose to refuse the services of his trial counsel. Under these circumstances it was within the discretion of the trial court to view defendant's conduct as amounting to a waiver of counsel. *Mercier v. State*, 203 Ga. App. 494, 495 (2) (417 SE2d 430). Thus, a notation on the sentence sheet that defendant appeared pro se is consistent with the posture he assumed at the sentencing hearing.

The pending claim of ineffective assistance at trial did not amount to a valid reason for defendant to discharge his trial counsel and demand appointment of a different attorney. The effectiveness claim created no conflict of interest between defendant and his trial counsel relevant to the issues addressed at the sentencing hearing. In *McGuire v. State*, 185 Ga. App. 233, 237-238 (3) (363 SE2d 850), this court held that there was no harmful error in appointing that defendant's trial counsel, against whom an ineffective assistance of counsel claim was pending, to represent him on appeal to this court. As in *McGuire*, none of the issues arising from the ineffectiveness claim are involved in the matter on appeal and the trial court recognized that those issues were pending before another superior court and not the court below from which this appeal emanated. There was no violation of the ethical concerns which form the predicate of *Castell v. Kemp*,

254 Ga. 556 (331 SE2d 528). If there was no harmful error in appointing trial counsel to represent the defendant on appeal in *McGuire*, there is none here. Also, see such recent cases as *Berry v. State*, 262 Ga. 614, 615 (3) (422 SE2d 861) and *Nixon v. State*, 255 Ga. 656, 657, fn. 1 (340 SE2d 7), where there were claims of ineffective assistance at trial pending against appellate counsel.

Furthermore, the analysis adopted in *Amadeo v. State*, 259 Ga. 469, 471 (2) (384 SE2d 181) is not applicable to the case sub judice. *Amadeo* requires the trial court to consider a defendant's request to appoint the counsel of his preference, where the statement of preference is supported by objective considerations of the consequence there involved, and where there are no countervailing considerations of comparable weight. However, *Amadeo* must be distinguished on the facts since it is applicable only where a defendant has expressed a preference for a particular attorney. See id. at 470. The defendant in the case sub judice is not concerned with acquiring representation by an attorney in whom he has developed a relationship of trust and confidence, but is only concerned with replacing an attorney with whom he is displeased. Defendant not having expressed any preference as to whom he wants appointed as replacement counsel, the request for appointment of a different attorney is governed by principles which predate *Amadeo*.

Even if the *Amadeo* analysis is applicable to these facts, the pending ineffective assistance claim against trial counsel is not an "objective consideration" of sufficient weight to require appointment of a different attorney. The argument that defendant's claim of ineffectiveness precludes the continued representation by trial counsel is not supported by any argument or citation of authority. Nor can this premise be reconciled with our holding in *McGuire v. State*, 185 Ga. App. 233, 237 (3), supra. While the charges of ineffectiveness raised by defendant against trial counsel may affect the personal relationship between these two men, it must be recalled that the Sixth Amendment does not guarantee defendant a meaningful relationship with his attorney. *Morris v. Slappy*, 461 U. S. 1, 14 (103 SC 1610, 75 LE2d 610).

The *Amadeo* analysis also requires consideration of any countervailing considerations. Therefore, we must also consider the adverse effects of requiring appointment of substitute counsel whenever a defendant raises an ineffectiveness of counsel claim and demands a change of counsel. Since this may occur immediately before or during trial, requiring delay while new counsel becomes acquainted with the case, such a procedure places effective control of the judicial process in the hands of a defendant and is incompatible with the efficient administration of our criminal justice system.

2. The second enumeration of error contends that the trial court

erred in sentencing him to 24 life sentences since this deprives him of a due process right to be given a determinate sentence. Defendant's argument is predicated on the supposition that under OCGA § 17-10-1 (a) he must be given a determinate sentence for a specific number of years. However, in *Jefferson v. State*, 205 Ga. App. 687, 688 (2), supra, we held that "OCGA § 17-10-1 (a) (1) authorizes the trial judge to impose sentence 'within the minimum and maximum prescribed by law as the punishment for the crime.' " Thus, the imposition of the maximum punishment of life imprisonment for 24 of the offenses of which defendant was convicted was not error.

3. "Contrary to the defendant's assertions, the trial court did not err in imposing consecutive sentences. . . . It is within the trial court's discretion to sentence consecutively. OCGA § 17-10-10; *Duckworth v. State*, 246 Ga. 631 (2) (272 SE2d 332) (1980); *Spivey v. State*, 253 Ga. 187 (5) (319 SE2d 420) (1984), cert. den., 105 SC 816 (1985); *Welch v. State*, 254 Ga. 603 (2) (331 SE2d 573) (1985)." *Hambrick v. State*, 256 Ga. 148, 149-150 (3) (344 SE2d 639). There is a broad discretion in sentencing vested in trial courts and it is the duty of the courts to exercise that discretion as to all aspects of the sentences they impose. A trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and is therefore an abdication of judicial responsibility. *Cottingham v. State*, 206 Ga. 197, 199 (3) (424 SE2d 794).

Nor is any denial of due process involved. Prohibited behavior is described in various criminal statutes, along with possible punishments. Notice that the specific punishment will be determined as a matter of discretion upon consideration of the facts and circumstances of each case is also provided via statute.

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Andrews, Blackburn and Smith, JJ., concur. Beasley, P. J., and Cooper, J., dissent. Johnson, J., not participating.*

BEASLEY, Presiding Judge, dissenting.

I respectfully dissent to Division 1 of the majority opinion and would hold that the case be remanded for resentencing. I would not reach the remaining divisions because they relate to the sentences imposed.

Although Jefferson's trial counsel appeared at the pre-sentence hearing and is shown on the transcript as representing him, it is not clear whether he was appointed by the court or was acting pro bono. However, Jefferson stated that he had asserted claims of ineffective assistance of counsel against him; that he had initiated this proceeding for a sentence hearing on his own; that trial counsel had "come down there [to prison] to see me" (apparently after reversal of the judgment for lack of a sentence hearing) but that Jefferson had

"fired" him because he had gotten him 24 life sentences and in his own opinion appellant could have received less time "without even putting in a plea"; that counsel had not consulted with him concerning matters to be considered in the pre-sentence hearing; and that he wanted a different attorney appointed to represent him to present evidence and argue the legal issues related to the multiple sentences.

Trial counsel stated that the habeas court had conducted a hearing and had found Jefferson's ineffective assistance claims to be "totally without merit, off base . . . and ridiculous." He said: "I am not going to stand up hear and allow him to make such ridiculous statements."

Jefferson stated that his claims had not been ruled on by the habeas court, and there is nothing in the record in this case showing the final disposition of the habeas corpus proceeding or when it occurred.

The sentencing court noted that the ineffective assistance claim was before another court but commented that trial counsel had represented Jefferson as best he could under the circumstances, that he had done everything the law required him to do, and that Jefferson was not entitled to have another attorney appointed for sentencing. Jefferson urged that he was unable to present mitigating evidence without the assistance of counsel. The court impliedly denied the request. Counsel was not asked, nor did he offer, any evidence or argument in extenuation or mitigation on defendant's behalf.

Instead, based on a consideration of the written material submitted by Jefferson and the report of the pre-sentence investigation by the probation department, the court reimposed the same sentences Jefferson had previously been given. The sentence sheet records that the defendant appeared pro se. This pro se appeal followed.

As recognized by the majority, Jefferson's sentencing was more than ministerial, and he was entitled to counsel at sentencing under the Sixth Amendment.

He asserted the right to counsel at what in this instance qualifies as "the first opportunity," at the outset of the sentencing hearing, although he could have moved the court in advance of the hearing to appoint counsel. He did, however, notify the court of the pending habeas corpus in which the effectiveness of counsel was at issue, before the day of sentencing. See *Dill v. State*, 193 Ga. App. 213, 214 (387 SE2d 424) (1989).

He did not waive counsel by filing a habeas corpus petition alleging ineffective assistance of counsel. Nor did he waive counsel by refusing his services for sentencing purposes, as the two were then adverse parties in pending litigation involving representation itself, as demonstrated by the absence of a final disposition of the habeas corpus case, by counsel's expressed views on the matter of defendant's

complaint against him, and by the fact that defendant pro se had won a reversal of the sentences on the procedural deficiency in the sentencing, which counsel had overlooked. *Jefferson v. State*, 205 Ga. App. 687 (423 SE2d 425) (1992).

Of course, if counsel is not either unable or unwilling to represent a defendant, the defendant may not refuse to cooperate with appointed counsel (counsel here may be pro bono rather than appointed) and then claim he was not effectively represented. *Rivers v. State*, 250 Ga. 303, 307 (6) (298 SE2d 1) (1982). If the defendant does not have good reason for discharging his court-appointed attorney, the court does not err in requiring him to choose between representation by that attorney and proceeding pro se. *Durham v. State*, 185 Ga. App. 163, 164 (1) (363 SE2d 607) (1987); *Mock v. State*, 163 Ga. App. 320 (293 SE2d 525) (1982) (no "good and lawful reason" for defendant's discharging of counsel). The Sixth Amendment does not guarantee " 'a meaningful relationship' " between the defendant and counsel. *Morris v. Slappy*, 461 U. S. 1, 14 (103 SC 1610, 75 LE2d 610) (1983).

Defendant did not have counsel for sentencing, in effect, as his original trial counsel spoke only to the issue of the habeas corpus claim of ineffective assistance. At the outset of the proceeding, the court invited defendant and trial counsel to be heard on the issue of sentence, but counsel did not address it, no doubt in part because defendant had refused his representation. Defendant was compelled to proceed pro se, and the court heard no evidence or argument regarding sentence but relied instead on the documents which had been submitted in advance by defendant and the pre-sentence report. Nor did the court receive evidence or counsel-assisted argument regarding the ineffective assistance claims insofar as they related to the issue of entitlement to other counsel for sentencing. Such an inquiry could not proceed anyway unless other counsel were appointed, because counsel cannot act as both counsel and witness. *Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985); *Berry v. State*, 262 Ga. 614, 615 (3) (422 SE2d 861) (1992). Defendant had demonstrated ineffectiveness, however, insofar as sentence was concerned: counsel had not objected to sentencing without a proper hearing, and the lack of a hearing caused the reversal of the sentences.

Whether to appoint substitute counsel addresses itself to the sound discretion of the trial court. *Newby v. State*, 161 Ga. App. 805, 806 (2), 807 (288 SE2d 889) (1982). What is at issue here is the appointment of counsel to represent a defendant who has discharged pro bono counsel or counsel appointed by the court. In either event the court, without a hearing or evidence on the effectiveness challenge, dismissed it as unfounded insofar as it affected his right to other counsel. This case differs from *McGuire v. State*, 185 Ga. App.

233, 237 (3) (363 SE2d 850) (1987), in that it relates to a phase of the trial in which counsel did not properly represent defendant; *McGuire* relates to the direct appeal which carved out and saved for another day the issue of ineffectiveness at trial. In Jefferson's case, he had already demonstrated ineffectiveness in a crucial respect.

In *Amadeo v. State*, 259 Ga. 469, 471 (2) (384 SE2d 181) (1989), the Supreme Court held that the trial court had abused its discretion in denying defendant's request that the court appoint trial counsel to represent defendant in the retrial of a death penalty case. See also *Fleming v. State*, 246 Ga. 90, 91 (1) (270 SE2d 185) (1980) (as to conflict of interest). This case is more factually akin to *Amadeo* than the other cited cases since the attorney-client relationship between defendant and his trial attorney had ended after his direct appeal. Citing *Harris v. People*, 567 P2d 750, 759 (104 Cal. Rptr. 318) (1977), the Court in *Amadeo* held that "while we reaffirm today the basic holding . . . that the court's discretion in the appointment of counsel is not to be limited or constrained by a defendant's bare statement of personal preference, we hold that when that statement of preference, timely made, is supported by objective considerations of the consequence here involved, and where there are no countervailing considerations of comparable weight, it is an abuse of sound judicial discretion to deny the defendant's request to appoint the counsel of his preference." 259 Ga. at 471.

Here the "objective considerations of the consequences" of forcing defendant to proceed with trial counsel or pro se mandated the appointment of other counsel, just as such an examination of the circumstances in *Amadeo v. State*, supra, required the appointment of prior counsel, as was sought. See generally 21A AmJur2d, Criminal Law, §§ 982-987.

Defendant was entitled to other counsel so as to be accorded his right to "reasonably effective assistance of counsel," in the words of *Rivers v. State*, 250 Ga. 303, 308 (6) (298 SE2d 1) (1982). See also *Cribbs v. State*, 204 Ga. App. 109 (1) (418 SE2d 405) (1992). The case should be remanded for resentencing under OCGA § 17-10-2 (a). *Brinson v. State*, 201 Ga. App. 80, 81 (2) (410 SE2d 50) (1991). At the proceeding, defendant should be represented by counsel against whom no adverse proceedings are pending, unless defendant waives counsel.

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED JULY 16, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 —

John A. Jefferson, *pro se.*

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.