**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 31, 2013**

# In the Court of Appeals of Georgia

A13A0925. BACCHUS v. THE STATE.

DILLARD, Judge.

Following a trial by jury, Johnathan Bacchus was convicted on multiple counts of rape, child molestation, incest, and cruelty to children in the first degree for acts perpetrated against his daughters. Bacchus appeals his convictions, arguing that his trial counsel rendered ineffective assistance by failing to make certain objections at trial. But for the reasons set forth *infra*, Bacchus has waived his ineffective-assistance arguments and, accordingly, we affirm his convictions.

The record reflects that Bacchus was represented at trial by Anton Rowe, the same attorney who represents Bacchus on appeal. Following conviction, Rowe initially filed a motion for new trial on Bacchus's behalf but reserved the right to obtain new counsel and amend the motion. Thereafter, an entry of appearance and

amended motion for new trial were filed by attorney Michael Sheridan. The amended motion for new trial added an argument that Bacchus's trial counsel (Rowe) rendered ineffective assistance.

The trial court heard argument on the motion for new trial, at which point Sheridan appeared on behalf of Bacchus and did not call Rowe to testify. The court ultimately denied Bacchus's motion. And after doing so, the court inquired as to whether Sheridan would represent Bacchus on appeal. Sheridan advised the court that he would not represent Bacchus on appeal and that he had informed Bacchus that he would need to retain new counsel within 30 days. The trial court then indicated that the Office of the Public Defender would provide appellate representation for Bacchus.

Thereafter, Sheridan filed a motion to withdraw as counsel, which the trial court granted, and new counsel was appointed to represent Bacchus on appeal. That same day, Bacchus's newly appointed appellate counsel filed a notice of appeal with the trial court. However, just six days later, a second notice of appeal was filed on Bacchus's behalf by Anton Rowe.[1] And it is Rowe, not the newly appointed public

---

[1] The validity of the second notice of appeal is neither raised nor addressed by the parties in their appellate briefs, and, in any event, both notices of appeal were filed in a timely manner.

2

defender, who currently appears as attorney of record in this Court and represents Bacchus in this appeal.[2]

As noted *supra*, Bacchus's sole argument on appeal is that his trial counsel rendered ineffective assistance. But because Bacchus chose to pursue this appeal using the same attorney who defended him at trial (despite having hired new counsel to represent him at the motion-for-new-trial hearing and despite having been initially appointed a public defender to represent him on appeal), he has waived appellate review of this issue.[3] Indeed, this situation is wholly distinguishable from one in which an appellant has been represented by the same attorney from trial through

---

[2] We note that the record does not include any request by Rowe to withdraw as counsel after Bacchus's conviction, nor does it contain a withdrawal by the public defender (who was appointed after the denial of the motion for new trial).

[3] *See Capps v. State*, 273 Ga. App. 696, 698 (2) (615 SE2d 821) (2005) ("Under these circumstances, having been apprised of the need for new counsel to pursue the ineffectiveness issue, [the appellant] waived appellate review by electing to retain his trial defense counsel as his counsel on appeal."); *see also Hightower v. State*, 287 Ga. 586, 593 (8) (698 SE2d 312) (2010) ("To the extent that [the appellant] contends that the failure to object on confrontation grounds constituted ineffective assistance of trial counsel, [the appellant] is represented on appeal by the same counsel who represented him at trial, and he cannot now raise a claim of ineffective assistance of trial counsel."). *Compare McGuire v. State*, 185 Ga. App. 233, 237-38 (3) (363 SE2d 850) (1987) (holding that appellant had not waived claim of ineffective assistance of counsel when trial court appointed trial attorney to represent appellant on appeal and instructed the attorney not to raise claims of ineffective assistance against himself).

direct appeal and makes a claim for ineffective assistance of counsel for the *first time* on appeal.[4] Nevertheless, just as in those cases, Bacchus's appellate counsel should be "precluded from presenting a claim of ineffective assistance of counsel concerning a trial in which he participated due to the ethical prohibition of a lawyer acting as a witness."[5]

---

[4] *See Berry v. State,* 262 Ga. 614, 615 (3) (422 SE2d 861) (1992) (holding that issue of ineffective assistance of counsel, though not waived, was not properly before the court when "trial counsel filed a motion for new trial and later filed the instant appeal wherein he raises the issue of ineffectiveness for the first time"); *Harrison v. State*, 201 Ga. App. 577, 581 (2) (411 SE2d 738) (1991) (holding that issue of ineffective assistance of counsel, though not waived, was not properly before the court when there was no hearing on the issue below and the appellant was still represented by trial counsel); *see also Dobbs v. State*, 199 Ga. App. 793, 795 (5) (406 SE2d 252) (1991). *Cf. Perkinson v. State*, 279 Ga. 232, 238 (10) (610 SE2d 533) (2005).

[5] *Harrison*, 201 Ga. App. at 581 (2); *see Castell v. Kemp*, 254 Ga. 556, 556-58 (331 SE2d 528) (1985) (holding that defendant's trial counsel was disqualified from representing defendant in habeas-corpus proceeding in which defendant asserted that trial counsel rendered ineffective assistance). *Cf. Watkins v. State*, 206 Ga. App. 575, 575 (1) (426 SE2d 26) (1992) ("[Trial counsel's] post-judgment action in obtaining the trial court's permission to withdraw as appellant's counsel so that other counsel could be appointed to raise the issue of ineffective assistance of counsel did not indicate that [trial counsel] himself acknowledged he rendered ineffective assistance at trial but instead showed that [trial counsel] acted in accordance with his ethical responsibilities to his client and to the judicial process."). *Compare Jefferson v. State*, 209 Ga. App. 859, 861 (1) (434 SE2d 814) (1993) (holding that "effectiveness claim created no conflict of interest between defendant and his trial counsel relevant to the issues addressed at the sentencing hearing" and, thus, there was no violation of ethical concerns when counsel represented defendant at same); *McGuire*, 185 Ga.

Accordingly, because Bacchus's sole enumeration of error has been waived, we affirm his convictions.

*Judgment affirmed. Andrews, P. J., and McMillian, J., concur.*

---

App. at 237-38 (3) ("The trial court's direction to defense counsel against raising claims of ineffective counsel against himself is consistent with the ruling in *Castell v. Kemp* . . . , which holds that defense counsel is precluded from presenting a claim of ineffective assistance of counsel concerning a trial in which he participated due to the ethical prohibition against a lawyer acting as a witness.").