A89A2294. IN THE INTEREST OF R. M. et al., children.
(392 SE2d 13)

SOGNIER, Judge.

The Fulton County Department of Family & Children Services of the State Department of Human Resources (hereinafter "DFCS") petitioned for termination of the parental rights of the mother and father of R. M., C. M., and J. M., children under the age of ten. The juvenile court terminated the mother's parental rights upon a finding of abandonment, but dismissed the petition as to the father (although the court did find that DFCS should retain custody of the children). DFCS appeals from the court's dismissal of its petition to terminate the father's rights.

The record reveals that the children have been in the custody of DFCS since a finding of deprivation was made in 1985 based upon evidence of physical and sexual abuse of the children and an emotional disturbance suffered by the father. On April 27, 1989, a hearing was held on DFCS's petition for termination of parental rights. Evidence was adduced that since the 1987 deprivation hearing, the father had undergone two years of mental health treatment as required by prior court orders, completed a parenting course, regularly visited the children, and paid court-ordered child support of $200 per month, and that he had regular employment. A report prepared by a psychologist engaged to evaluate the father indicated that he continued to suffer from a "moderately severe paranoid personality disorder" for which he would need ongoing treatment. This psychologist concluded that full custody of the children by the father was not advisable, while the mental health clinician who had treated the father opined that with the assistance of DFCS through a less adversarial relationship, he was "capable of successfully rearing his children." Additional evidence established that J. M. suffers from cystic fibrosis for which she requires regular medical attention, and that C. M. and R. M. have emotional and behavioral problems for which they continue to receive treatment. Their mental health clinician testified that the children are frightened of their father, that they appear to have established no bond with him, and that returning them to their father's care would not be in their best interest.

1. DFCS enumerates as error the court's exclusion from evidence of a supplemental report prepared by Hilary Slavin, the clinical psychologist engaged by DFCS to evaluate the father pursuant to prior court order. Slavin interviewed and tested the father in one five-hour session in 1987, and the father signed a release authorizing distribu-

tion of the results to DFCS. The report Slavin initially prepared after this evaluation was admitted into evidence by stipulation of the parties. DFCS then sought to introduce a supplemental report written by Slavin in 1989 after DFCS provided Slavin with additional evidence of the father's prior sexual abuse of C. M., but the court refused, citing the psychologist-patient privilege, which it found had not been waived by the father as to the supplemental report.

We agree with DFCS that the court's ruling was erroneous because the psychologist-patient privilege set forth in OCGA § 43-39-16 arises only when the patient *voluntarily* seeks *treatment* from the psychologist, whereas here the father saw Slavin only at the instigation of DFCS and received no treatment. See *Massey v. State*, 226 Ga. 703, 704-705 (4) (177 SE2d 79) (1970); compare *Kimble v. Kimble*, 240 Ga. 100, 101 (1) (239 SE2d 676) (1977) and *Wilson v. Bonner*, 166 Ga. App. 9, 16-17 (5) (303 SE2d 134) (1983). However, we find this error was harmless because the report's discussion of child molestation was cumulative of other evidence admitted without objection, see *Wilson*, supra at 17 (5), and the report was not relevant to the court's determination of *termination* of parental rights because in the report Slavin expressed an opinion only regarding returning *custody* to the father. Compare OCGA § 15-11-81 with OCGA § 15-11-34.

2. DFCS also contends the court erred by excluding from evidence any matters addressed in the earlier deprivation hearings. This enumeration is without merit, as the transcript reveals that DFCS made no attempt to introduce transcripts of prior hearings or any evidence adduced therein. Further, the juvenile court judge, who had presided at the prior hearings, indicated he did not want to retry issues established in prior proceedings because he was familiar with that evidence.

3. DFCS's final enumeration concerns the court's dismissal of the petition for termination of the father's parental rights. DFCS contends it demonstrated by clear and convincing evidence that deprivation was continuing and that termination was in the best interest of the children.

"A termination of parental rights because of parental misconduct or inability is a remedy of last resort which can only be sustained after 'clear and convincing' evidence that '(t)he child is a deprived child . . .; (that) lack of proper parental care or control by the parent in question is the cause of the child's status as deprived; (that such) cause of deprivation *is likely to continue or will not likely be remedied*; and (that the) continued deprivation will cause or is likely to cause serious physical, mental, emotional or moral harm to the child.' . . . [Cits.]" *In the Interest of K. E. B.*, 190 Ga. App. 121, 124 (378 SE2d 171) (1989). " 'There is no judicial determination which has more drastic significance than that of permanently severing a natural

parent-child relationship. It must be scrutinized deliberately and exercised most cautiously. When we do this, we make a decision on human frailties and their consequences. It becomes an agonizing undertaking.' [Cit.] Accordingly, '(c)ompelling facts are required to terminate parental rights. (Cits.)' [Cit.]" *In re N. F. R.*, 179 Ga. App. 346, 348 (346 SE2d 121) (1986). Moreover, "[a] finding of unfitness must be based on present circumstances. [Cits.]" Id.

In the case at bar, the juvenile court found that the father had shown "remarkable interest" in his children throughout the long period of DFCS's custody and had complied with every directive of the court, and that while the father had some difficulties which warranted a continued finding of deprivation, the evidence suggested that with assistance and guidelines, he could learn to care properly for his children in the future. The evidence presented by DFCS relating to the father's behavior concerned incidents that had occurred five years earlier, and the experts were not in agreement as to the likelihood of repeat incidents. We agree with the father that the evidence indicated the emotional problems of R. M. and C. M. could be attributable to the disruptive effect of frequent changes in foster homes and the separation from other family members rather than to the father's prior behavior. As we find "no compelling evidence presented which would clearly convince a rational trier of fact that the [children's] past deprivation will continue so as to authorize the total termination of the [father's] parental rights, [cits.]," id. at 348-349, we affirm the juvenile court's decision.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 7, 1990 —
REHEARING DENIED MARCH 15, 1990.

*Robert E. Hall, Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Carol A. Cosgrove, William C. Joy, Senior Assistant Attorneys General, Bradley J. Boyd,* for appellant.

*Thomas H. Antonion,* for appellee.