## A90A1326. HARRIS v. THE STATE.
(397 SE2d 68)

BIRDSONG, Judge.

Harris appeals his conviction of possession of cocaine with the intent to distribute. He was sentenced as a recidivist to 30 years in prison. *Held*:

1. Harris first enumerates as error the failure of the trial court to warn Harris of the disadvantages of self-representation before letting him proceed without counsel. See *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49). The record shows that Harris was first represented by appointed counsel, discharged that attorney and hired counsel at his own expense, and in the midst of jury selection announced that he wanted to fire that attorney and have a continuance while he found another attorney. After being dissuaded from doing so at that time, he proceeded further with counsel but later fired his attorney. The record also shows that the attorney remained in the courtroom and on occasion assisted Harris.

Harris' real complaint is that the trial court did not follow the specific procedures established in *Clarke v. Zant*, supra. In *Singleton v. State*, 176 Ga. App. 733 (337 SE2d 350), we held that the failure to use the exact language of *Clarke v. Zant* was not reversible error, and in *Callahan v. State*, 175 Ga. App. 303, 304 (333 SE2d 179), we held each case must be determined by "its own peculiar facts and circumstance." Considering the record before us, we are satisfied that it shows sufficiently that Harris' choice was made after he was aware of his right to counsel and that he was aware of the dangers of proceeding without counsel. Id. Accordingly, there was no error here. *Evans v. State*, 192 Ga. App. 832, 833 (386 SE2d 712); *Williams v. State*, 192 Ga. App. 317, 318 (384 SE2d 877).

2. Harris also complains that the trial court erred by not granting a continuance because the State belatedly amended the witness list. The record shows that although the trial court permitted the witness list to be amended, it directed that appellant would be given the opportunity to interview the witness before he testified. Under the circumstances, a continuance was not required, and there was no error. *White v. State*, 253 Ga. 106, 109-110 (317 SE2d 196).

3. Harris alleges that the trial court erred by denying his motion in limine which sought to exclude the testimony of a Captain Wheeler because it was immaterial and prejudicial and also erred by allowing Captain Wheeler's testimony since it concerned custodial statements allegedly made by Harris without proper *Miranda* warnings. The transcript shows that Captain Wheeler testified, without objection, that he talked with Harris about a threat Harris allegedly made against a person Harris believed to be an informant in an effort to persuade Harris that this other person was not the informant. In the

course of that conversation, Harris volunteered to Captain Wheeler that he was going to kill this other person if he was the informant.

Since this testimony was obviously relevant and material (OCGA § 24-2-1; *Fancher v. State*, 190 Ga. App. 438, 439 (378 SE2d 923)), denying the motion in limine was not error. Further, as there was no contemporaneous objection to Captain Wheeler's testimony, there is nothing else for us to review on whether Harris was properly warned. *McNair v. State*, 190 Ga. App. 412, 413 (379 SE2d 424). An issue may not be raised for the first time on appeal. *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536).

4. Finally, Harris contends that the trial court erred by allowing the State to introduce evidence of similar transactions in which Harris possessed drugs. We find no error.

"Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact." (Emphasis deleted.) *Oller v. State*, 187 Ga. App. 818, 819 (371 SE2d 455). Before such evidence may be admitted, however, there must be evidence the defendant was the perpetrator of the independent crime and sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515). Under the circumstances of this appeal, these conditions were satisfied, and the trial court did not err by admitting this evidence.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 7, 1990.

*Lawson, Washington & Thornton, Charles S. Thornton*, for appellant.

*Frank C. Winn, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.