A91A0575. CARTER v. THE STATE.
(406 SE2d 238)

BIRDSONG, Presiding Judge.

Charlie Carter was convicted of two counts of robbery by force, arising out of separate incidents on August 16 and August 18, 1989. In each incident, an elderly man looking for or purchasing a load of watermelons at the Cordele State Farmers' Market was accosted and robbed by a person who assisted or offered to assist the victim in finding or loading the watermelons. In the August 16 incident, the robber went with the victim, Tillman, in Tillman's truck, ostensibly to show him a patch of large watermelons on a farm nearby; instead, the robber assaulted Tillman and took his money and his truck, leaving him in the swamp. In the August 18 incident, the robber helped load watermelons onto the truck of an elderly man, Jennings, and then asked for a ride, which Jennings refused; but when Jennings drove out of the gate of the Farmers' Market, the robber jumped in Jennings' truck, attacked him, and took his money. Appellant was described by Jennings as wearing a cap with "MCM" embossed upon it; appellant had such a cap when he was arrested at the Sunrise Motel, which is about a block from the Cordele Farmers' Market. Each victim identified appellant as the person who robbed him.

On appeal, Carter complains of the admission of a prior conviction as a "similar transaction," and of the trial court's allowing the victim of that other offense to testify; and appellant contends the evi-

dence generally is insufficient to support the verdict. *Held*:

1. The trial court did not err in admitting in evidence the conviction of appellant for the offense of theft by taking, arising from his theft of money in July of 1988, from the truck of an elderly victim, Mrs. Cox, after offering to help her load watermelons onto her truck and asking her where her husband was. "Although the [three] occurrences were not identical, there were sufficient similarities to authorize the trial court to admit the testimony. *Bloodworth v. State*, 233 Ga. 589 (3) (212 SE2d 774) (1975)." *Mauldin v. State*, 239 Ga. 739 (239 SE2d 5), followed in *Brown v. State*, 250 Ga. 66, 73 (295 SE2d 727). The evidence was relevant to the offenses charged in this case to show " 'identity, motive, plan, scheme, bent of mind and course of conduct.' " *Harris v. State*, 196 Ga. App. 796, 797 (4) (397 SE2d 68).

2. Appellant was not entitled to mistrial on account of the trial court having allowed Mrs. Cox and her granddaughter to testify in this trial to that similar transaction. The record shows that on March 2, 1990, prior to trial on May 28, 1990, the State served notice to appellant of its intent to present evidence of this similar act, in compliance with Superior Court Rules 31.1 and 31.3.

We find no merit in appellant's complaint that he was not given timely notice of the State's intent to use Mrs. Cox and her granddaughter as witnesses, in response to his demand for a list of witnesses. OCGA § 17-7-110 does not require the State to give the defendant a list of witnesses ten days prior to arraignment, as appellant contends pro se by way of supplemental brief. The record shows the State did not intend to call Mrs. Cox and her granddaughter, but when appellant at trial objected to admission of his record of conviction for the offense against Mrs. Cox, the State obtained a continuance in order to call Mrs. Cox and her granddaughter in support of its use of that offense as a "similar transaction." The elderly lady lived in Florida, and that night she commenced a 12-hour drive with her granddaughter to Cordele to testify at this trial the next day. They arrived in the afternoon on the second day of trial. The transcript is silent whether appellant accepted the trial court's offer to let him interview these witnesses before they testified; therefore, he has failed to demonstrate he was denied access to the witnesses. *Felker v. State*, 252 Ga. 351 (314 SE2d 621), cert. den. 469 U. S. 873 (105 SC 229, 83 LE2d 158); see *State v. McBride*, 258 Ga. 321 (368 SE2d 758); *Johnson v. State*, 171 Ga. App. 91 (318 SE2d 799). In any case, the State properly notified him of its intent to introduce this prior offense in evidence; appellant had notice of the possibility they might be called to support the admission of the conviction, if he objected to it.

3. The evidence was sufficient to enable a reasonable trier of fact to convict appellant of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED MAY 16, 1991 —
REHEARING DENIED JUNE 3, 1991 —

*John W. Sherrer, Jr.*, for appellant.
Charlie Carter, *pro se*.
*John C. Pridgen, District Attorney, James E. Turk, Assistant District Attorney*, for appellee.