A92A1857. IN THE INTEREST OF R. E. M. et al., children.
(427 SE2d 512)

CARLEY, Presiding Judge.

The dismissal of a prior petition to terminate appellant's parental rights in his three minor children was affirmed on appeal. *In the Interest of R. M.,* 194 Ga. App. 888 (392 SE2d 13) (1990). Based upon subsequent events, however, another petition to terminate appellant's parental rights was filed. After conducting a hearing, the juvenile court entered an order granting the petition and appellant appeals from that order.

1. Although appellant did not comply with the discretionary appeal procedures, the instant appeal does not come within the purview of OCGA § 5-6-35 (a) (2), and the termination order is directly appealable. *In re S. N. S.*, 182 Ga. App. 803 (357 SE2d 127) (1987); *In the Interest of R. L. Y., M. R. Y. & R. A. Y.*, 180 Ga. App. 559 (349 SE2d 800) (1986). Accordingly, the motion to dismiss is denied.

2. Appellant enumerates the general grounds.

" 'The appropriate standard of appellate review in a case of this sort is whether after reviewing the evidence in the light most favorable to the [judgment or disposition], any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights . . . were lost. . . . The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, here the rational factfinder test . . ., is not met. . . .' [Cit.]" *In the Interest of S. T.*, 201 Ga. App. 37, 40 (4) (410 SE2d 312) (1991). The evidence in the instant case was in conflict. It was, however, sufficient to authorize a finding that appellant had sexually molested his youngest daughter in the presence of his eldest child. There was also expert testimony that appellant was not responding to therapy. These circumstances provided clear and convincing evidence that the children were deprived due to parental misconduct and that the cause of that deprivation was likely to continue and cause physical, mental, emotional, and moral harm to them. OCGA §§ 15-11-2 (8) (A) and 15-11-81 (b) (4) (A). Clearly, these circumstances also authorized the conclusion of the juvenile court that termination of appellant's parental rights was in the best interest of the children. *In the Interest of G. K. J.*, 187 Ga. App. 443, 444 (2) (370 SE2d 490) (1988). Compare *Patty v. Dept. of Human Resources*, 154 Ga. App. 455, 458 (1) (269 SE2d 30) (1980).

The prior opinion in *In the Interest of R. M.*, supra, has no bearing whatsoever on the question of whether the children's *present* deprivation as the result of appellant's *current* conduct is likely to be continuing. The general grounds are without merit.

3. Appellant's remaining enumeration of error is unsupported either by any reference to the transcript or record or by citations of authority or argument of counsel. Accordingly, it is deemed abandoned, pursuant to Court of Appeals Rule 15 (c) (2). *Sepulvado v. Daniels Lincoln-Mercury*, 170 Ga. App. 109 (1) (316 SE2d 554) (1984).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1993 —
RECONSIDERATION DENIED JANUARY 29, 1993.

*Thomas H. Antonion*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Margot M. Cairnes, Staff Attorneys, Robert E. Hall, James W. Blount, Margie P. Hames*, for appellee.