A94A2618. In the Interest of J. M. W., a child.

(453 SE2d 764)

Andrews, Judge.

The mother of J. M. W. appeals from the order of the Juvenile Court of Cherokee County terminating her parental rights. Both the putative natural father of the child and the legal father of the child consented to the termination of parental rights.

At the termination hearing, evidence showed that J. M. W. was initially taken into custody when he was six months old, after the death of his half-sister. J. M. W.'s half-sister died from injuries which resulted from abuse. As a result of this death, appellant was convicted of felony murder and is now serving a life sentence. Evidence was that she must serve a minimum of seven years in prison.

The Department of Family & Children Services caseworker testified that it would be in the child's best interest for his mother's rights to be terminated. The caseworker also testified that the child has developed a bond with his foster parents of two years, and that J. M. W. had not bonded with his mother. J. M. W. is a special needs child and the caseworker testified that he made dramatic improvements in foster care due to the good nutrition and high degree of attention he received.

1. In her first enumeration of error, appellant claims that there was insufficient evidence to support the order terminating her parental rights in that there was not clear and convincing evidence of parental misconduct sufficient to authorize such termination. Citing *In the Interest of S. K. L.*, 199 Ga. App. 731 (405 SE2d 903) (1991), she claims that her imprisonment alone does not compel a termination of her rights. She also argues that the Department of Family & Children Services caseworker who testified in favor of termination was unqualified to give such testimony.

This enumeration is without merit. OCGA § 15-11-81 (a) provides: "[i]n considering the termination of parental rights, the court shall first determine whether there is present clear and convincing evidence of parental misconduct or inability as provided in subsection (b) of this Code section. If there is clear and convincing evidence of such parental misconduct or inability, the court shall then consider whether termination of parental rights is in the best interest of the child, after considering the physical, mental, emotional, and moral condition and needs of the child who is the subject of the proceeding, including the need for a secure and stable home." OCGA § 15-11-81 (b) (4) (A) provides that the court shall determine parental misconduct or inability by finding that: "(i) The child is a deprived child, as such term is defined in Code Section 15-11-2; (ii) The lack of proper parental care or control by the parent in question is the cause of the child's status as deprived; (iii) Such cause of deprivation is likely to

continue or will not likely be remedied; and (iv) The continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child."

"The standard of appellate review where a parent's rights to his child have been severed is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost." (Citations and punctuation omitted.) *In the Interest of B. P.*, 207 Ga. App. 242, 244 (427 SE2d 593) (1993).

At the outset of our evaluation, we note that "[a]lthough imprisonment alone does not always compel a termination of parental rights, it will support such a ruling when adequate aggravating circumstances are shown to exist." *In the Interest of S. K. L.,* supra at 733.

Here, the court took judicial notice within the termination order of the prior deprivation order, which was unappealed. Thus, appellant is bound by that determination. See *In the Interest of B. P.*, supra at 244. Moreover, a rational trier of fact could have found clear and convincing evidence that J. M. W. was a deprived child. With regard to the remaining factors under OCGA § 15-11-81 (b) (4) (A), the evidence supports the trial court's findings that the lack of proper parental care was the cause of the child's status as deprived; that such cause of deprivation was likely to continue; and that the continued deprivation would likely cause serious physical, mental, emotional, and moral harm to the child. Accordingly, the court's determination that there was clear and convincing evidence of parental misconduct or inability was not erroneous.

"Turning to the second step, whether the termination is in the [child's] best interest, one factor to be considered . . . is the [child's] need for a stable and secure home. Moreover, those same factors which show the existence of parental misconduct or inability can also support a finding that the termination of parental rights of the defaulting parent would be in the child's best interest. Thus, a finding as to whether the termination of parental rights is in the best interest of the child represents, in essence, a finding as to whether the specifics of the parental default that have *otherwise* been found to exist are of such magnitude as to warrant the conclusion that the child himself would be better served by the grant of the petition to terminate. In this regard, our review of the entire record shows that there was likewise sufficient clear and convincing evidence to support the juvenile court's finding that the termination of appellant's parental rights would be in the [child's] best interest." (Citations and punctuation omitted.) *In the Interest of B. P.*, supra at 245-246.

2. In her second enumeration, appellant contends that the court

failed to make the explicit finding regarding parental misconduct or inability under OCGA § 15-11-81 (b) (4) (A).

This enumeration is without merit. The court made an explicit finding as to the existence of parental misconduct or inability, as required. *In the Interest of G. K. J.*, 187 Ga. App. 443 (370 SE2d 490) (1988).

*Judgment affirmed. Beasley, C. J., and Johnson, J., concur.*

DECIDED JANUARY 30, 1995.

*Bishop & McElyea, Barry W. Bishop,* for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Assistant Attorney General, Dana M. Thompson, Lois D. Shingler,* for appellee.