## A98A0175. WARE v. THE STATE.
(500 SE2d 601)

Judge Harold R. Banke.

Winnie Ware was convicted of reckless endangerment to children and possession of marijuana with intent to distribute. On appeal, she enumerates eight errors.

This case arose after law enforcement authorities arrested Christopher Irby, Ware's boyfriend, upon discovering two packages of cocaine, over $1,000 in cash and a motel room key on his person. Shortly thereafter, the officers decided to investigate the room, where Ware and her six-year-old daughter were also staying. The authorities knocked; Ware asked who it was; and they identified themselves, unlocked the door and entered. The officers immediately discovered Ware, her young daughter, and the smell of marijuana smoke. After learning of Irby's arrest, Ware consented to a search of the room, stating it was his room, not hers. During the search, the authorities found over two ounces of marijuana, several sizes of baggies, and some marijuana butts in an ashtray. *Held*:

1. The trial court did not abuse its discretion in denying Ware's motion to sever the drug charge from the reckless endangerment charge. *Varnadoe v. State*, 227 Ga. App. 663, 664 (1) (490 SE2d 517) (1997). The crimes and acts were so intertwined that some of the same evidence would have been required at separate trials on each charge, a valid reason for joinder of the offenses. *Johnson v. State*, 257 Ga. 731, 733 (2) (c) (363 SE2d 540) (1988); *Davis v. State*, 159 Ga. App. 356 (1) (283 SE2d 286) (1981).

In her brief, Ware attempts to enlarge her enumeration by arguing that the trial court erred by failing to give a promised limiting instruction upon the introduction of a similar transaction which related only to the drug charge. Because this issue was not properly raised in the enumerations of error, it will not be addressed. *Guest v. State*, 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997).

2. Ware challenges the trial court's decision to reseat on the petit jury several members of the venire she had peremptorily stricken. After Ware used 11 of her 12 strikes to remove whites from the jury during voir dire, the State asserted a challenge under *Georgia v. McCollum*, 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992), which applied *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) to criminal defendants' peremptory strikes. Because the State successfully established a prima facie case of purposeful racial discrimination, Ware was required to "set forth a race-neutral, case-related, clear and reasonably specific explanation for the exercise of the peremptory strike." *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996). The trial court determined that Ware failed to present articulably race-neutral reasons for six of the eleven challenged strikes.

This decision is entitled to "great deference" and must be upheld unless clearly erroneous. Id. Explanations which are so implausible or fantastic as to be pretextual may provide a basis for finding that an improper discriminatory motive underlay the strike. Id.

Ware's counsel argued that he struck one venireperson because

his family was racist, another because Ware felt uncomfortable when she looked at him, a third because she had grandchildren the same age as Ware's daughter and worked with a racially biased individual, a fourth because Ware "sense[d] something from her," a fifth because of the place he worked and a "predisposition of bias towards [sic] the blacks," and a sixth because she was a white, middle-class, very strict farmer's wife. He also argued that because his client was African-American, "a jury of her peers should be predominantly black."

Four of these explanations are not race-neutral on their face. The remaining two, based solely on Ware's professed intuition about the venire members, are not case-related, clear or reasonably specific. In these circumstances, we cannot say the trial court clearly erred in rejecting Ware's explanations.

3. Ware maintains the admission of a second officer's testimony about the similar transaction was sufficiently prejudicial to require reversal. The second officer's testimony established the amount of currency and contraband seized during the similar transaction, information the State's initial witness was unable to provide.

Ware offers no authority supporting her argument, and we have found none. To the contrary, in numerous cases more than one witness has offered testimony on the same similar transaction. See, e.g., *Blige v. State*, 205 Ga. App. 133, 134 (2) (421 SE2d 547) (1992); *Carter v. State*, 199 Ga. App. 843, 844 (2) (406 SE2d 238) (1991); *Norton v. State*, 199 Ga. App. 27, 28 (403 SE2d 884) (1991). The testimony at issue was not sufficiently cumulative or prejudicial to warrant reversal. Because Ware's additional argument regarding Exhibit 9 was not enumerated as error, we decline to address it. *Guest*, 229 Ga. App. at 628 (1).

4. Ware failed to support her remaining enumerations with any argument or citation of authority. They are therefore deemed abandoned. Court of Appeals Rule 27 (c) (2); *Sprinkles v. State*, 227 Ga. App. 112, 114 (3) (488 SE2d 492) (1997).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MARCH 26, 1998 —
RECONSIDERATION DENIED APRIL 13, 1998 — 

*Ralph L. Phillips*, for appellant.
*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney*, for appellee.