## A98A0010. FLANTROY v. THE STATE.
### (501 SE2d 10)

JOHNSON, Judge.

Charles Flantroy appeals from his conviction for entering an automobile with intent to commit theft and the denial of his motion for new trial.

The trial court appointed an assistant public defender to represent Flantroy. Nine days before trial, Flantroy announced to the trial court that his attorney seemed to be "working for the court instead of for [him]," claiming counsel was too "negative" about the case and not doing the things he requested him to do. Flantroy asked the court to appoint another attorney. The trial court stated that appointed counsel is an "excellent lawyer," then entertained additional argument from Flantroy and the attorney. Flantroy stated that he would not have this attorney represent him at trial. The trial judge stated that Flantroy had no right to choose his own appointed counsel and would have to represent himself. Flantroy responded that he would represent himself. The trial judge then instructed the assistant district attorney to explain to Flantroy the consequences of representing himself in the case. The state's attorney agreed to do so, although no discussion between the district attorney and Flantroy was transcribed. The trial court dealt with other matters and then informed Flantroy that he would be held to the same standard as an attorney and that he would have to figure out and present his own defenses. Flantroy represented himself at trial and was found guilty. With the assistance of appointed counsel here, he appeals.

1. Flantroy contends the trial court erred in refusing his request that the trial court subpoena as a witness the owner of the car he was charged with entering. He claims that had the witness come forward

and testified against him, he could have impeached her by showing she had previously been convicted of falsely reporting a crime. This enumeration is without merit.

In lieu of calling as a witness the car's owner, who did not see the car being entered, the state relied at trial upon the testimony of the owner's friend, who did see the crime being committed. The witness testified that she came out of a nightclub and saw Flantroy sitting in the car in which she, the owner, and her friends had ridden. When the witness confronted Flantroy, he took the owner's purse from the car and walked away. We fail to see how Flantroy was harmed by the car owner's absence as a witness, particularly since he only wanted the witness to testify so that he could impeach her testimony. Flantroy had the burden of showing harm as well as error, and he has not done this. See generally *Scroggins v. State*, 198 Ga. App. 29, 37-38 (2) (401 SE2d 13) (1990). Moreover, "[Flantroy] having elected to represent himself, it was his responsibility, not the trial court's, to ensure the presence of his witnesses by issuance of subpoenas. OCGA §§ 24-10-20 (b); 24-10-21." *Kegler v. State*, 267 Ga. 147, 148-149 (4) (475 SE2d 593) (1996).

2. Flantroy contends for the first time that the trial court erred in not showing on the record that he voluntarily and intelligently waived his right to counsel, or that he was made aware of the dangers and disadvantages of self-representation.

Flantroy was represented by new counsel in the hearing on his motion for new trial, but this issue was not raised. Such issues cannot be raised for the first time on appeal. See *Hill v. State*, 207 Ga. App. 65, 68 (6) (426 SE2d 915) (1993) (any allegation of a violation of right to counsel must be raised at earliest practicable moment, namely in motion for new trial where defendant represented by new counsel); see generally *Hobdy v. State*, 222 Ga. App. 625, 626 (475 SE2d 686) (1996) (claim that consent to search not freely and voluntarily given cannot be raised for first time on appeal).

In any event, the record shows that Flantroy was represented by counsel but discharged him. We note that Flantroy's firing of appointed counsel did not trigger a duty upon the part of the trial court to appoint another attorney. See *Jefferson v. State*, 209 Ga. App. 859, 861 (1) (434 SE2d 814) (1993). Where a defendant does not have a good reason for discharging his court-appointed attorney, the trial court does not err in requiring him to choose between representation by that attorney and proceeding pro se. Id. Whether the trial court committed reversible error as to this issue is determined based on the peculiar facts and circumstances of the case. See *Harris v. State*, 196 Ga. App. 796 (1) (397 SE2d 68) (1990). The record before us shows sufficiently that Flantroy's choice was made after he was aware of his right to counsel and that he was aware of the danger of

proceeding without counsel. See id. While Flantroy is correct that the trial court did not set out in the record the precise dangers of proceeding pro se, we find his argument unpersuasive in the context of the facts presented in this case. We find no error. *Strozier v. State*, 171 Ga. App. 703, 704 (1) (320 SE2d 764) (1984).

3. Flantroy complains that the trial court erred in commenting on the case in the presence of the jury. Relying upon OCGA § 17-8-57, he claims the trial court improperly expressed anger and frustration with him in the jury's presence. While OCGA § 17-8-57 prohibits judges in criminal cases from expressing or intimating their opinion on what has or has not been proven, and mandates reversal for any violation of the Code section, no such violation occurred here.

The trial court's comments were limited in scope and did not involve Flantroy's guilt or innocence. Specifically, the trial judge's comment that he was holding his temper as best he could was not a comment on the case. Nor was the trial court's response to Flantroy's accusation that the trial court was "mad" at him — "Oh God. All I'm telling you is to let [the witness] finish her answer before you ask her another question" — a comment on the case. None of the comments were directed toward a material issue or relevant evidence in the case. See *Nance v. State*, 204 Ga. App. 653, 654 (420 SE2d 348) (1992).

The trial court's comments that Flantroy could have had his lawyer subpoena the witness and his reference to "Good God almighty" were all made outside of the jury's presence. Inasmuch as the purpose of OCGA § 17-8-57 is to prevent the jury from being influenced and the jury was not present at the time of these remarks, the statute was not violated. See *McDonald v. State*, 170 Ga. App. 884 (1) (318 SE2d 749) (1984).

Finally, we note that during the general charge the court instructed the jury that none of its rulings or comments were intended to be expressions of opinion upon the facts of the case, the credibility of the witnesses, the evidence, or the guilt or innocence of the defendant. We do not agree with Flantroy that the remarks made in the jury's presence impaired his credibility, as was the case in *Brundage v. State*, 143 Ga. App. 1, 2 (2) (237 SE2d 473) (1977), where the trial judge's interrogations and comments did raise issues as to what had or had not been proven. Nor has Flantroy shown by the record that the court's demeanor constituted an expression of opinion on the case as discussed in *Milhouse v. State*, 254 Ga. 357, 358-359 (2) (329 SE2d 490) (1985). This enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MARCH 31, 1998.

*Hurl R. Taylor, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Kevin N. Levitas, Assistant District Attorneys*, for appellee.