510 S.E.2d 366 (1998)
235 Ga. App. 712
In the Interest of D.N.M., a child.
No. A98A1950.
Court of Appeals of Georgia.
December 9, 1998.
*367 Hughes & Kaplan, Barry E. Kaplan, Stone Mountain, for appellant.
Thurbert E. Baker, Attorney General, Shalen A. Sgrosso, Stephanie B. Hope, Assistant Attorneys General, Rich & Smith, Michael T. Smith, John L. Welsh II, Lawrenceville, for appellee.
HAROLD R. BANKE, Senior Appellate Judge.
The biological father of ten-year-old D.N.M. appeals the termination of his parental rights. In two enumerations, he argues that the evidence of present parental unfitness was insufficient.
The Department of Family & Children Services ("DFCS") had a lengthy history of involvement with this family which included concerns that the child's mother was physically abusing D.N.M. and using drugs. DFCS took custody of the child in May 1995 after she began masturbating in a hospital corridor while barefoot, sickly and hungry, during a visit to her mother and a premature sibling who subsequently died.[1]Held:
The record provides clear and convincing evidence of the father's misconduct and inability and supports a finding that termination of his parental rights is in the child's best interest. OCGA § 15-11-81(a). Thus, the juvenile court's decision is not subject to reversal. Id.
The mother's relationship with D.N. M.'s father terminated in 1989, shortly after the child was born. After that, "he came by the house a few times," but never paid child support. He did not see D.N.M. during the four years prior to the court proceedings and visited her only twice in the years since DFCS obtained custody.
In an unappealed order issued in May 1995, the juvenile court found D.N.M. deprived. In the Interest of C.D.F., 222 Ga. App. 905, 907(1), 476 S.E.2d 654 (1996) (parties are bound by unappealed findings of deprivation); OCGA § 15-11-81(b)(4)(A)(i). Because the father's almost total lack of involvement in D.N.M.'s welfare left the child vulnerable to the neglect and abuse her mother inflicted upon her, we find that his lack of proper care and control was the cause of her deprivation. OCGA § 15-11-81(b)(4)(A)(ii).
The record shows that in May 1997 the father was adjudicated an incapacitated adult due to a stroke and received a temporary guardian. The order indicated that he had no personal property of any value and no real property. The record also shows that his parental rights to three other children from a different mother were terminated in 1996 due to his physical abuse, neglect, incarceration, and unrehabilitated alcohol abuse. That evidence, combined with the father's neglect of D.N.M. and his failure to present any evidence controverting that offered against him, clearly and convincingly supports the juvenile court's conclusion that the deprivation was likely to continue. Notwithstanding the father's contention to the contrary, the court was entitled to consider the parent's past conduct in determining whether the deprivation was likely to continue. OCGA § 15-11-81(b)(4)(A)(iii); In the Interest of J.M.C., 201 Ga.App. 173, 174, 410 S.E.2d 368 (1991). The father's total failure to provide for the child's care and support as required by law also justifies the juvenile court's decision. OCGA § 15-11-81(b)(4)(C)(ii).
The record shows that the child's behavior has improved since she was placed in DFCS custody, but she continues to need regular counseling and a stable, consistent home environment, evidence which prevents us from finding error in the juvenile court's implicit conclusions that continued deprivation would seriously harm the child and termination was in her best interest. OCGA § 15-11-81(a) and (b)(4)(A)(iv). The father's failure to enumerate as error the purported insufficiency of service on him precludes our review of *368 that issue. Ware v. State, 232 Ga.App. 165, 166(1), 500 S.E.2d 601 (1998).
Judgment affirmed.
JOHNSON, P.J., and SMITH, J., concur.
NOTES
[1] The mother's appeal of the termination of her parental rights was dismissed for failure to timely file her brief.