## A02A0189. JOHNSON v. THE STATE.
(566 SE2d 353)

MILLER, Judge.

Despite his claim of self-defense, Ricky Darnell Johnson was convicted of nine counts of aggravated assault arising out of his shooting numerous bullets into and near a residence occupied by his former

wife and others. While cross-examining Johnson, the prosecutor without objection challenged him on inconsistent statements he made to court-appointed psychologists who evaluated him for competency to stand trial and for sanity at the time of the incident. Johnson claims his counsel was ineffective in failing to object to the use of these statements as privileged and as violative of his Fifth Amendment rights. Since Johnson failed to call his trial counsel to testify at the motion for new trial hearing, we presume the decision not to object was strategic and therefore affirm the denial of his motion for new trial.

The record reveals that Johnson tried to pick up his daughter from a Thanksgiving celebration without his ex-wife's permission. When confronted by someone at the residence, he began shooting at the person and then left, only to return to the residence and repeatedly shoot into the crowded home, injuring at least one person. In a pre-trial notice, he announced his intent to raise the issues of insanity at the time of the incident and incompetency to stand trial. A court-appointed psychologist evaluated him and determined that he was competent and that in the psychologist's opinion, no grounds for an insanity defense existed. At Johnson's request, the court had a second psychologist evaluate him; the second psychologist reached the same conclusions.

At trial Johnson testified that others at the residence threatened him with deadly force and that he was therefore only acting in self-defense. Challenging this testimony, the prosecutor on cross-examination referenced the psychologists' reports, pointing out that Johnson had not mentioned threats from others or acting in self-defense to either psychologist when describing the incident. Johnson raised no objection. The jury found him guilty of nine counts of aggravated assault.

Claiming counsel was ineffective in failing to object to use of the psychologists' reports, Johnson moved for a new trial but presented no testimony at the hearing. Noting the absence of testimony from counsel, the trial court presumed that the lack of any objections to the testimony was strategic and denied the motion. Johnson appeals.

To prove his claim of ineffective assistance, Johnson bore the burden of showing that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). He argues that the psychologist-patient privilege protected his communications with the psychologists and that the use of the information he provided in those interviews also violated his Fifth Amendment right against self-incrimination. Therefore, he contends that his counsel grossly erred in not objecting to the cross-examination referencing that information.

It is true that psychologist-patient communications are generally privileged under OCGA §§ 24-9-21 (6) and 43-39-16, but only when the patient voluntarily seeks treatment from the psychologist. *In the Interest of L. H.*, 236 Ga. App. 132, 136 (3) (511 SE2d 253) (1999); see *In the Interest of M. N. H.*, 237 Ga. App. 471, 475 (4) (517 SE2d 344) (1999). Since Johnson was evaluated by psychologists pursuant to court order and received no treatment, the psychologists were witnesses for the court and the privilege did not apply. *Christenson v. State*, 261 Ga. 80, 84 (2) (d) (402 SE2d 41) (1991); *L. H.*, supra, 236 Ga. App. at 136-137 (3).

Nevertheless, if admissions made by the patient during the evaluations are used for a purpose other than competency or sanity, they may be protected by the Fifth Amendment right against self-incrimination. See *Hicks v. State*, 256 Ga. 715, 721-722 (14) (352 SE2d 762) (1987); *Harris v. State*, 256 Ga. 350, 352-353 (3) (349 SE2d 374) (1986); see *Christenson*, supra, 261 Ga. at 84 (2) (d). Here counsel's failure to object waived the Fifth Amendment issue. *Mobley v. State*, 269 Ga. 738, 741 (2) (505 SE2d 722) (1998), citing *Ingram v. State*, 253 Ga. 622, 636 (14) (323 SE2d 801) (1984).

The question therefore is whether counsel's failure to object on Fifth Amendment grounds was deficient performance. "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Citation and punctuation omitted.) *Stephens*, supra, 265 Ga. at 121-122 (2). As in *Baker v. State*, 251 Ga. App. 377, 379 (2) (554 SE2d 324) (2001); *McClarity v. State*, 234 Ga. App. 348, 350-351 (3) (506 SE2d 392) (1998); and *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991), Johnson chose not to call his trial counsel to testify at the motion for new trial hearing. "Thus, he made no affirmative showing that the purported deficiency in his trial counsel's representation was indicative of ineffectiveness and was not an example of a conscious and deliberate trial strategy." (Footnote omitted.) *Baker*, supra, 251 Ga. App. at 379 (2). Absent contrary evidence, defense counsel's actions are presumed to be part of trial strategy, *Thomas v. State*, 268 Ga. 135, 139 (12) (485 SE2d 783) (1997); *McClarity*, supra, 234 Ga. App. at 351 (3), errors in which do not constitute ineffective assistance. *Cunningham v. State*, 244 Ga. App. 231, 234 (3) (535 SE2d 262) (2000). Specifically, "the decision not to object to certain evidence is presumed strategic and provides no valid basis for an ineffective assistance claim." (Footnote omitted.) Id. Johnson's claim must accordingly fail.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 24, 2002 — 

*Dennis T. Blackmon*, for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.