A03A0930. IN THE INTEREST OF A. B. et al., children.
(579 SE2d 779)

PHIPPS, Judge.

In March 2002, the Butts County Department of Family and Children Services (DFACS) instituted this proceeding to terminate the parental rights of the father and mother to their children, A. B. (born July 1998) and T. B. (born May 1995). In November, the Juvenile Court of Butts County terminated the parental rights of both parents. The mother appeals.

Georgia law requires a court to conduct a two-step analysis to determine whether a parent's rights to his or her child should be terminated. First, a court must determine whether the state has met its burden of presenting clear and convincing evidence of parental misconduct or inability. Second, if the court finds such evidence, it must then determine whether termination of parental rights is in the best interest of the child. To satisfy the first part of this inquiry, the evidence must establish that (i) the child is deprived, (ii) the parent's lack of proper parental care or control is causing the deprivation, (iii) this cause is likely to continue or will not be remedied, and (iv) the continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child.[1]

---

[1] (Punctuation and footnotes omitted.) *In the Interest of B. N. A.*, 248 Ga. App. 406, 409-410 (546 SE2d 819) (2001).

Appellant claims that the evidence was insufficient to support a determination that any cause of the children's deprivation is likely to continue. We disagree and affirm.

DFACS first became involved with the family in March 2000, because the parents failed to seek medical attention for serious burns suffered by T. B. As a result, appellant was charged with cruelty to children and pled guilty. Although the children were allowed to remain in the parents' home, a safety plan was developed prohibiting appellant from being left alone with them because she admitted using cocaine and alcohol and had prior hospitalizations for suicide attempts.

In April 2000, appellant was again hospitalized for attempting suicide. After her release, she neglected to obtain mental health treatment and continued to use cocaine. During this period, she also manifested severe symptoms of mental illness, including depression, repeated suicidal thoughts, self-mutilation, intrusive recollections of childhood sexual abuse, dissociation, and auditory hallucinations. In May 2000, the children were removed from the home because they had been left alone with appellant. The juvenile court entered the first of a series of orders finding the children deprived.

In June and July 2000, appellant was hospitalized twice, once for suicidal ideations and then for taking an overdose of pills. Around this time, she completed a psychological evaluation and was diagnosed with major depressive disorder with psychotic features, severe post-traumatic stress disorder, and substance abuse. Based on these results, the psychologist recommended intensive mental health support for appellant so that she could function effectively, both personally and as a parent.

During the first half of 2001, appellant's mental health problems and continuing attempts to harm herself required her to be hospitalized almost monthly. On a number of occasions, she also tested positive for, and admitted using, cocaine. A psychiatrist, Dr. Anderson, began treating her in the summer of 2001 and diagnosed schizophrenia. Appellant underwent another psychological evaluation in November 2001. At that time, she was taking a number of prescribed anti-psychotic medications. Numerous wounds, apparently self-inflicted, were observed on her forearms. Although it was determined that her participation in a day treatment program had been of great benefit to her, by her own admission she was using crack cocaine on a weekly basis, and the children were not returned to her. In December, she was hospitalized after she overdosed on sleeping pills. In January 2002, she refused to continue taking her medications. About a week later, she intentionally burned herself and was hospitalized to prevent self-harm.

A hearing was held in June 2002. Butts County DFACS case

manager Whitehead testified to appellant's continuing use of cocaine, as well as to her failure to regularly take her medication and attend her mental health treatment program, resulting in her failure to comply with plans designed to reunify her with the children. At the hearing, the mother admitted that she used cocaine to relieve her depression and had acquired an addiction to it.

Another hearing was held in October 2002 at which Whitehead testified that, since the June hearing, the mother had again tested positive for cocaine and admitted to continuing to use alcohol. Appellant appeared at the hearing. She was unemployed and acknowledged that she was borrowing money from friends to continue her cocaine use. Also, evidence was introduced showing that although Dr. Anderson had previously thought that with proper treatment appellant's mental condition would not render her incapable of caring for the children, he has since concluded otherwise due to her unrehabilitated abuse of cocaine and alcohol.

The prior unappealed deprivation adjudication establishes that the children are deprived.[2]

> In determining whether there is a lack of "proper parental care (and) control," the court may consider several factors, including the following: . . . (a) medically verifiable deficiency of the parent's physical, mental, or emotional health of such duration or nature as to render the parent unable to provide adequately for the physical, mental, emotional, or moral condition and needs of the child [and] (e)xcessive use of or history of chronic unrehabilitated abuse of intoxicating liquors or narcotic or dangerous drugs or controlled substances with the effect of rendering the parent incapable of providing adequately for the physical, mental, emotional, or moral condition and needs of the child. . . . [Cit.][3]

Considering these factors, the court was authorized to find that a lack of proper parental care and control by appellant had caused the children's deprivation. And viewed in a light most favorable to support the juvenile court's decision, the evidence clearly and convincingly supports the court's conclusion that the cause of the children's deprivation is likely to continue.[4]

---

[2] *In Interest of J. M. W.*, 216 Ga. App. 166, 167 (453 SE2d 764) (1995).

[3] *In the Interest of J. H.*, 240 Ga. App. 309, 310 (523 SE2d 374) (1999).

[4] See *In the Interest of K. S. K.*, 253 Ga. App. 78 (557 SE2d 494) (2001); *In the Interest of D. N. M.*, 235 Ga. App. 712 (510 SE2d 366) (1998); *In the Interest of K. L.*, 234 Ga. App. 719 (507 SE2d 542) (1998); compare *In the Interest of R. U.*, 223 Ga. App. 440 (477 SE2d 864) (1996); *In the Interest of R. M.*, 194 Ga. App. 888, 890 (3) (392 SE2d 13) (1990); *In re N. F. R.*, 179 Ga. App. 346, 347 (2) (346 SE2d 121) (1986).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MARCH 19, 2003.

*Juliet K. Rowell*, for appellant.
*Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Laura W. Hyman, Assistant Attorneys General, W. Ashley Hawkins*, for appellee.