A04A0033. HERENDEEN et al. v. THE STATE.
(601 SE2d 372)

SMITH, Chief Judge.

This appeal concerns a subpoena for records served on two licensed psychologists, Dr. Dennis Herendeen and Dr. Samuel Haskell, and The Psychology Center, a professional corporation. We granted this interlocutory appeal to consider the scope of the psychologist-patient privilege, OCGA § 43-39-16. Here, we apply it to an attempted production by a defendant in a criminal proceeding arising out of facts developed in a Department of Family and Children Services (DFACS) investigation and deprivation petition. In light of the Georgia Supreme Court's recent holding in *Lucas v. State*, 274 Ga. 640, 645 (8) (555 SE2d 440) (2001), we conclude that the trial court's order was too broad in its scope and must be reversed in part. However, we affirm that portion of the trial court's order directing that the documents be produced for in camera inspection, and we remand for the proper application of the privilege to these records.

William Christopher Payne has been charged with multiple counts of aggravated child molestation, child molestation, and cruelty to children. His wife, Regina Lynn Payne, has been charged with cruelty to children. After the couple's arrest, the daughter, who was the alleged victim, and the son were placed in foster care; the son was later returned to the custody of the mother. It appears from the record that both the DFACS case plan and the juvenile court directed that

the children receive therapy, and appellants provided at least some "on-going family counseling," including joint therapy sessions, with the mother and daughter.[1] The record reflects that appellants have also made recommendations to the juvenile court with regard to custody. By subpoena, the State sought from appellants "all records and transcripts on" the couple's two children. Appellants responded with a motion to quash on the basis of the psychologist-patient privilege. The trial court found that the records were not privileged and ordered their production to the court for an in camera inspection; the trial court determined that the records would be produced to the State and grand jury once any portion relating to the mother's therapy was redacted.

The records of psychologists and psychiatrists are subject to similar privileges, OCGA §§ 24-9-21 (5), (6); 43-39-16, and Georgia courts have applied the same analysis to both. See *Wiles v. Wiles*, 264 Ga. 594, 595 (1) (448 SE2d 681) (1994); *Christenson v. State*, 261 Ga. 80, 84 (2) (d) (402 SE2d 41) (1991). "Before a person can invoke the confidentiality privilege under OCGA § 24-9-21 (5), she must show that the requisite psychologist-patient or psychiatrist-patient relationship existed to the extent that treatment was given or contemplated. [Cit.]" *Manning v. State*, 231 Ga. App. 584 (1) (499 SE2d 650) (1998).

One who visits a psychiatrist "on her own volition for the purpose of gaining professional psychiatric assistance . . . creat[es] the requisite confidential relationship of psychiatrist and patient." *Kimble v. Kimble*, 240 Ga. 100, 101 (1) (239 SE2d 676) (1977). In contrast, "where the psychiatrist or psychologist is appointed by the court to conduct a preliminary examination of the defendant, the psychiatrist or psychologist is a witness for the court, and the privilege does not apply. [Cit.]" *Christenson*, supra, 261 Ga. at 84. See also *Massey v. State*, 226 Ga. 703, 704 (4) (177 SE2d 79) (1970). Many decisions make this distinction by stating that when an individual is evaluated pursuant to a court order or DFACS recommendation and receives no treatment, the privilege does not apply. *Johnson v. State*, 255 Ga. App. 544, 546 (566 SE2d 353) (2002); *In the Interest of L. H.*, 236 Ga. App. 132, 136-137 (3) (511 SE2d 253) (1999); *In the Interest of M. N. H.*, 237 Ga. App. 471, 475 (4) (517 SE2d 344) (1999); *In the Interest of R. M.*, 194 Ga. App. 888, 889 (1) (392 SE2d 13) (1990).

The trial court and the State have interpreted these decisions as requiring both voluntary consultation *and* treatment before the privilege can be asserted. But we have noted:

---

[1] The nature and extent of any services provided to the son are not clear from the record.

It may be irrelevant whether a patient sought out a psychiatrist "on [his] own volition"; and a patient who did not originally seek psychiatric treatment for himself may nevertheless end up contemplating or being given assistance by the psychiatrist. The standard established in *Massey*, supra, is the test: the relation exists "to the extent that treatment was given or contemplated."

*Mrozinski v. Pogue*, 205 Ga. App. 731, 733 (1) (423 SE2d 405) (1992). Significantly, the Georgia Supreme Court explicitly rejected the State's analysis in *Lucas*, supra, 274 Ga. 640. There, a criminal defendant sought the records of his co-defendant's psychiatric treatment, received while the co-defendant was incarcerated. After an in camera inspection, the trial court refused to disclose them. Lucas argued, as the State does here, that the records were not prepared in the course of voluntary treatment and therefore were not subject to the psychiatric privilege. The Supreme Court disagreed, holding that "because our review of the records indicates that they were prepared in the course of treatment, we conclude that the patient-psychiatrist privilege applied to them, regardless of whether that treatment was voluntary." Id. at 645 (8).

*Lucas* makes clear that voluntariness is not relevant to a consideration of the privilege; the only question is whether the records were prepared in the course of treatment, whether voluntary or not. The decision does not declare absolutely privileged, however, records that were not prepared in the course of treatment or do not involve patient communications. Id. For these reasons, an in camera examination of the records is appropriate.

We therefore affirm the trial court's order to the extent that it directs appellants to produce their records for an in camera examination. We reverse the trial court's holding that the records sought are not privileged and must be produced after redaction. We further direct that the trial court consider in its examination the parameters established by *Lucas*, supra.

We are mindful of the possible effect of this holding upon deprivation proceedings and petitions for termination of parental rights. As noted in *R. M.*, supra, 194 Ga. App. at 888-889, individuals receiving psychiatric or psychological consultations during such proceedings do not always sign a release waiving the privilege. Custody or retention of parental rights is often conditioned upon consent to treatment and the successful completion of various types of therapy; the therapists report back to the juvenile court in order to assist the court in making its decision. In contrast, here the State seeks to use the records of treatment in an independent criminal prosecution. But the language in *Lucas* is very broad, and the Supreme Court has not

limited its application to criminal prosecutions. We are bound by the holding of the Supreme Court, and the potential effect of *Lucas* on the use of psychiatric and psychological records in the juvenile court must be addressed by the Georgia Supreme Court or by the General Assembly.

Accordingly, we affirm the judgment of the trial court with respect to the production of the records for in camera inspection, but we reverse the judgment of the trial court with respect to the scope of the patient-psychologist privilege and remand this case for further proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part and case remanded with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 9, 2004 —
RECONSIDERATION DISMISSED JUNE 28, 2004 —

*James M. Allison, Jr.*, for appellants.

*David McDade, District Attorney, James E. Barker, Pamela D. Brophy, Assistant District Attorneys, Edwards, McLeod & Money, Jennifer McLeod*, for appellee.

