## A10A1036. BATES v. THE STATE.
(702 SE2d 460)

BARNES, Presiding Judge.

Mark Bates appeals his felony shoplifting conviction, arguing that he was denied his Sixth Amendment right to counsel when the trial court would not appoint a different lawyer to represent him but made him proceed to trial pro se. He also contends the trial court improperly commented on the evidence when it directed him to move along in his cross-examination of a witness, observing, "The jury is not idiots, you know." For the reasons that follow, we affirm.

1. The trial court determined Bates was indigent and appointed counsel to represent him. When the case was called for trial, Bates moved for a continuance and asked the court to appoint a different lawyer to represent him, asserting first that his appointed counsel had a conflict because another lawyer from her office had briefly represented Sarah Kelley, the woman with whom he had been arrested. Bates' appointed counsel explained to the court that her office was initially unaware of the connection between Bates and Kelley because they were being prosecuted separately, as Bates was facing a felony charge due to his three prior shoplifting convictions. An attorney from her office had made an entry of appearance on behalf of Kelley in an unrelated case, but withdrew out of an abundance of caution as soon as the conflict with Bates in this case was discovered. The other lawyer never had any interaction with Kelley that would prejudice Bates. After Bates' appointed counsel explained the situation to him, he filed a bar complaint against her. Counsel explained to the court that such complaints were common, that the bar had dismissed this one, that she did not believe she had a conflict in representing Bates, and that she bore no animosity toward him.

The trial court overruled Bates' motion seeking a new lawyer and a continuance, and asked counsel to stand by in the courtroom to assist Bates during the trial. Bates objected, responding that he would rather not have counsel attend the trial at all because "that's a conflict in my interest and I feel it would hurt my case more than anything." He further explained that he had objected to his counsel's recommendation he attend a drug counseling program and plead guilty; had disagreed with her handling of his probable cause hearing because she failed to call witnesses on his behalf or rigorously cross-examine the store security guard; and would not let him "stand

up and say what I want." The trial court excused appointed counsel from attending the trial and attempted to ascertain whether Bates understood his right to counsel and the perils of representing himself. Bates repeatedly declined to answer the trial court's questions because he wanted a lawyer, and the trial court repeatedly explained that it could not appoint a different lawyer to represent him absent a sufficient legal reason.

In the end, Bates represented himself at trial, and now argues that the trial court abused its discretion in refusing to appoint new counsel to represent him at trial. "If the defendant does not have a good reason for discharging his court-appointed attorney, the trial court does not err in requiring him to choose between representation by that attorney and proceeding pro se." *Jefferson v. State*, 209 Ga. App. 859, 861 (1) (434 SE2d 814) (1993).

> The trial court found the attorney's ability, loyalty and advocacy to be more than adequate, and tried mightily to dissuade the appellant from his folly. The appellant insisted. He was warned of the consequences. We find a knowing, intelligent waiver of counsel. Intelligent waiver and foolishness are not mutually exclusive.

(Citations omitted.) *Mock v. State*, 163 Ga. App. 320, 321 (293 SE2d 525) (1982). Here, despite Bates' protests to the contrary, the trial court did not abuse its discretion in determining that his appointed counsel had no conflict in representing him, declining to appoint a different lawyer, and requiring him to choose between the counsel appointed for him or representing himself.

2. Bates also contends on appeal that the trial court improperly commented on the evidence by telling him to move on with his cross-examination because "the jury is not idiots." While OCGA § 17-8-57 prohibits judges in criminal cases from expressing or intimating their opinion on what has or has not been proven, and mandates reversal for any violation of the Code section, no such violation occurred here. The trial court's comment came after multiple attempts by the court and the State to instruct Bates on how to impeach a witness with prior testimony, after which Bates repeatedly attempted to state the facts as he saw them instead of asking questions of the witness. The issue on which Bates attempted to impeach the witness, who was the store security guard who saw him take two watches from the jewelry department and place them on his wrist, was a completely collateral issue about whether he had seen Bates' cohort Kelley in the store or not. While, as the State concedes, the court's statement was "inartful and a sign that the judge was frustrated with [Bates'] failure to properly conduct his

cross-examination," it was not an opinion as to what had been proven or whether Bates was guilty. "Thus the comments were not directed toward a material issue or relevant evidence in the case," and the trial court did not violate OCGA § 17-8-57. *Flantroy v. State*, 231 Ga. App. 744, 746 (3) (501 SE2d 10) (1998).

Further, the trial court charged the jury:

> By no ruling or comment that the Court has made during the progress of the trial has the Court intended to express any opinion upon the facts of the case, upon the credibility of the witnesses, upon the evidence or upon the guilt or innocence of the defendant. Those are matters entirely within your purview as the jury. It is my duty and responsibility to ascertain the law applicable to this case and to instruct you on that law by which you are bound. It is your responsibility to ascertain the facts of the case from all the evidence presented.

Accordingly, we find no error. *Creed v. State*, 255 Ga. App. 425, 428 (1) (565 SE2d 480) (2002).

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge William LeRoy McMurray, Jr., concur.*

DECIDED OCTOBER 13, 2010.

*M. Paul Reynolds*, for appellant.

*David McDade, District Attorney, James A. Dooley, Assistant District Attorney*, for appellee.